**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leslie Levi MORRIS, Defendant-**
**Appellant.**

No. 12449.

United States Court of Appeals
Seventh Circuit.

Feb. 17, 1959.

R. Eugene Pincham, Charles B. Evins, Glenn C. Fowlkes, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee. Charles R. Purcell, Jr., Asst. U. S. Atty., Chicago, Ill., of counsel.

Before DUFFY, Chief Judge, and HASTINGS and KNOCH, Circuit Judges.

HASTINGS, Circuit Judge.

The defendant was found guilty on three counts of an indictment charging violations of the federal narcotic laws.[1] The case was tried to the court without a jury.

At the conclusion of all the evidence in the trial the record shows the following colloquy:

"Well, the court is of the opinion that the Government has proved its case against this defendant beyond a reasonable doubt, and he is found guilty on those three counts, Counts 1, 2 and 8.

"Mr. Evins [Defendant's counsel]: May I request the court to make a finding of facts there Judge?

"The Court: No, it is not required in a criminal case, so the finding of guilty, and, let's see, the penalty is a minimum of five years, isn't it?"

The record showing a prior conviction, defendant was sentenced to imprisonment for ten years on each count, to be served concurrently. This appeal followed. The errors relied upon arise out of the insufficiency of the evidence, the court's re-

1. Title 26 U.S.C.A. § 4705(a) and Title 21 U.S.C.A. § 174, both as amended by the Narcotics Control Act of 1956.

fusal to make findings of fact, and rulings on evidence.

After this appeal was perfected defendant filed his brief on November 12, 1958. On December 9, 1958, the Government filed its "Suggestion to Remand for entry of findings of fact," pursuant to Rule 23 (c), Federal Rules of Criminal Procedure, 18 U.S.C.A. To this suggestion defendant filed objections. Rule 23(c) reads as follows:

"(c) Trial without a Jury. In a case tried without a jury the court shall make a general finding and *shall* in addition *on request find the facts specially.*" (Our emphasis.)

Treating this suggestion as a motion, we deferred action thereon and stated we would consider it when the case was argued upon the merits. This was followed with an answer brief by the Government on the merits.

At the oral argument the Government, with commendable frankness, confessed error in the trial court's refusal to find the facts specially on defendant's request pursuant to Rule 23(c), and renewed its motion suggesting "the entry of an order remanding the instant cause to the court below for the purpose of directing said court to enter Findings of Fact, * * *; that upon the making of such Findings of Fact the court below forthwith transmit the record on appeal, including the proceedings had upon the making of such Findings of Fact, to this court for further disposition; and that the instant appeal be held in abeyance pending such further proceeding."

Following oral argument defendant filed his reply brief suggesting that the procedure requested by the Government "would not solve the dilemma created by the trial court's refusal to make findings of fact, but rather, would enhance the present problem and create additional ones," and urged a reversal and remandment for a new trial. Among other things, defendant urgently points out that the Government, before initially suggesting remandment for findings, had and now has (following oral argument by

him on the merits) the benefit of defendant's attack upon the insufficiency of the evidence in this case, as well as defendant's argument directed to the weakness of the Government's case. He claims that to permit findings of fact to be drawn now could operate to his prejudice in light of the present posture of the case as distinguished from the time his request was made at the trial.

■ One of the reasons we took the Government's motion with the case is that no Court of Appeals seems to have been called upon to pass upon this question. Defendant contends and the Government concedes that Rule 23(c), *supra*, is mandatory. Defendant's request was timely and the trial court's failure to heed the mandate of the rule was clear error. This is pointed up in Barron & Holtzoff, Federal Practice and Procedure, § 2124 (Rules Edition), which reads in part:

"Rule 23(c) requires that in all cases tried without a jury the court or judge must make a general finding. This may be a general finding of either guilty or not guilty. In addition to a general finding, on request, the court or judge must find the facts specially.

"The Advisory Committee points out that this rule changed pre-existing law in so far as it requires the court in a case tried without a jury to make special findings of fact, if requested."

In a case in which special findings were made the court expressed one of the reasons for the rule as follows:

"That rule [Rule 23(c)] indicates the proper procedure by which a defendant may preserve a question of law for purposes of appeal." Cesario v. United States, 1 Cir., 1952, 200 F.2d 232, 233.

In a case in which findings were not requested, it was said:

"Ordinarily, the remedy to rectify a misconception regarding the significance of a particular fact, such as a particular state of mind, is to

request special findings pursuant to * * * Rule 23, * * *." Wilson v. United States, 9 Cir., 1958, 250 F.2d 312, 325.

Without deciding whether the procedure suggested by the Government, that is, ordering the appeal held in abeyance pending such findings would be proper in another case, or whether, in a proper case, the judgment of conviction should be vacated and the case remanded for findings and a judgment entered in conformity therewith, we have concluded that in this case the substantial rights of *all* parties will be best served by a new trial.

We hold that it was error for the trial court to refuse to find the facts specially on request of defendant, and the judgment of conviction is reversed and this cause is remanded to the district court for a new trial.