Leslie Levi MORRIS, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 13714.

United States Court of Appeals Seventh Circuit.

Dec. 17, 1962.

The record before us shows that Morris was charged with violation of Federal Narcotics Laws in an 8-count indictment filed January 14, 1958. He waived a trial by jury and in a court trial was found guilty on three counts. He was shown to have suffered a prior conviction and on that showing was sentenced to a term of ten years imprisonment on each count, the sentences to run concurrently.

Subsequently, on appeal to this court, the judgment of conviction was reversed on the grounds that the trial court had refused to "find the facts specially," on request of defendant, as commanded by Rule 23(c), Federal Rules of Criminal Procedure, 18 U.S.C.A. In this prior appeal, the Government confessed error. Accordingly, the cause was ordered remanded to the district court for a new trial. United States v. Morris, 7 Cir., 263 F.2d 594 (1959).

On remand, Morris was tried a second time. Following a trial by jury, beginning October 6, 1959 and ending October 13, 1959, he was again found guilty on the same three counts of the indictment, and again received concurrent sentences of ten years on each count. He did not appeal this second conviction. He was incarcerated in the federal penitentiary at Leavenworth, Kansas.

On May 24, 1961, Morris filed in the district court an "Application for Writ of 2255 of Title 28 U.S.C.A." and "Petition for Writ of Habeas Corpus Ad Testificandum." On June 5, 1961, he filed a further document entitled "Motion in Support of Motion to Vacate Illegal Judgment Pursuant to 2255 of Title 28 U.S.C.A." On June 29, 1961, he filed a further "Motion in Support, and Motion to Show Legal Cause."

In response thereto, on July 6, 1961, the United States Attorney filed the Government's "Answer to Petitioner's Motions to Vacate Sentence Pursuant to Sec. 2255, Title 28, U.S.C."

On July 17, 1961, Morris filed "Petitioner's Answer to the Government's Opposition Pursuant to Section 2255, Title 28 U.S.C." On August 18, 1961, he filed

John D. Bixler, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., Raymond F. Zvetina, Asst. U. S. Atty., Chicago, Ill. (John Peter Lulinski, Asst. U. S. Atty., of counsel), for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KILEY, Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal from an order denying a motion to vacate sentence pursuant to Title 28 U.S.C.A. § 2255. The motion was filed by Leslie Levi Morris (petitioner-appellant) in the United States District Court for the Northern District of Illinois. The motion was denied, without a hearing, by an order entered on December 26, 1961.

In its written order of denial, the district court did not set out its reasons for so ruling other than to state "that the grounds advanced by petitioner do not warrant the granting of the motion." It further stated that "[f]rom the motion, the file and the record of this case it appears conclusively that the petitioner here is entitled to no relief and that no hearing should be had on this motion."

a further document entitled "Application for Writ of Habeas Corpus Ad-Curiam."

All the foregoing post-conviction papers filed in the district court quite clearly indicate that they were prepared by Morris *pro se*. He was not represented by counsel. There is nothing in the record to indicate that he ever requested appointment of counsel.

Following the denial of his several motions below, all of which the district court treated as a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255, Morris filed a timely notice of appeal therefrom. He was granted leave to appeal *in forma pauperis* and the district court further ordered that the record on appeal be prepared without cost to Morris.

After the instant appeal was docketed in this court, we granted leave for Morris to proceed *in forma pauperis*. We appointed John D. Bixler, a reputable member of the Chicago, Illinois Bar, to represent him in this appeal.

Here we pause to note from the record that Morris filed his notice of appeal on January 25, 1962. Copies of such notice of appeal were served on the Government by mail on April 13, 1962. The record in this appeal was filed in this court on April 23, 1962.

On April 19, 1962, the district court entered an order "that the official court reporter furnish a transcript of the proceedings had in this cause on October 6 through October 13, 1959, without cost to the defendant, payment for the same to be made by the Administrative Office of the United States Courts."

This period of October 6–13, 1959 covers the time of the second trial. We are informed that the transcript of such trial proceedings has never been prepared pursuant to such order.

The district court denied the motion to vacate the sentence, without a hearing, and without such transcript before it on December 26, 1961. It was not ordered prepared until April 19, 1962. We do not have it before us on consideration of this appeal.

■ If such a record of the proceedings of the second trial was intended to serve the district court, the order for it came too late. If it was intended to serve us on this appeal, it is not before us now. In any event, it should be considered by the district court before being presented to this court.

An examination of the several motions filed by Morris *pro se* in the district court leaves much doubt as to the grounds relied upon for relief. However, his court-appointed appellate counsel has diligently labored with them and advises us by brief and on oral argument concerning the issues raised on this appeal. He asserts (1) that the district court abused its discretion in denying the motion to vacate sentence without a hearing in view of the fact that the transcript of Morris's second trial was not before such court when order of denial was entered; and (2) that the conviction of Morris resulted from perjured testimony procured by and with the knowledge of the Government.

■ Without deciding whether the district court had jurisdiction to enter the order of April 19, 1962, and without deciding whether the district court was required to have the transcript of the second trial of Morris before it when it ruled on the petition to vacate sentence, the fact remains that the district court ordered the transcript prepared. It has never been filed. If it has not been prepared, the district court should be given an opportunity to see that its order is complied with and have the transcript prepared and filed of record without delay. The district court should then have an opportunity to first review it in the light of the motion for relief under consideration.

Morris should be represented in the further hearing in the district court by competent counsel. We respectfully suggest that consideration be given to the appointment of Mr. Bixler, his appellate counsel.

By our disposition of this present appeal, we do not intend to indicate to the

district court the nature of any future determination of this matter it should make. Further, the disposition made of this appeal is limited to the peculiar facts and state of the record before us on this review.

We express our appreciation to Mr. Bixler for his able services in this appeal.

In view of the foregoing, it is ordered that the order of the district court denying the motion of Leslie Levi Morris to vacate sentence, entered on December 26, 1961, be vacated and set aside. It is further ordered that this cause be remanded to the district court for further proceedings consistent with the views expressed herein.

Order vacated and cause remanded.