**Clifton Thirley HAYWOOD, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 25403.**

United States Court of Appeals
Fifth Circuit.
April 22, 1968.

---

At the conclusion of the hearing, with respect to guilt or innocence, and sentencing, the district judge said:

\* \* \* I am going to adjudicate him guilty—and there are two offenses I can find him on—I am going to give him five years on the first and I will give him five years on the second, making a total of $10,000.00, no making a total of $20,000.00 and ten years in prison. We can't fool around with people like that. We are in a War and a man who is a citizen of this country ought to act as such and with that you can prepare the proper order.[2]

There were no further proceedings.

The judgment and commitment recites in its relevant parts the following:

It is adjudged that the defendant has been convicted upon his plea of not guilty and a judgment by the court of guilty on Counts One (1) and Four (4) *of the offenses of Count 1.* Did fail and neglect to keep his local board informed as to his current address; and Count 4. Did fail and neglect to comply with an order of his local board to report for a physical examination \* \* \*. (Emphasis added.)

It is adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of five (5) years on each of Counts (1) and Four (4) to be served consecutively, making a total of ten (10) years to be served.

It is further ordered by the court that said defendant is sentenced to pay to

B. Clarence Mayfield, Savannah, Ga., for appellant.

Bruce B. Greene, Asst. U. S. Atty., Savannah, Ga., for appellee.

Before COLEMAN and CLAYTON, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM:

Clifton Thirley Haywood was tried by the district judge on charges made against him in a *five*-count indictment and appeals here from the results there, specifying numerous errors. The first three counts charged Haywood with failure and neglect to keep his local board informed as to his current address. The latter two counts charged him with failure and neglect to comply with an order of his local board to report for a physical examination and neglect to comply with an order of his local board to report for induction. 50 U.S.C.A. App. § 462.[1]

---

1. Count Four of the indictment charged a violation of 50 U.S.C. App. § 402 but this appears to be an erroneous reference.

2. There is nothing in the record to show any attempt to comply with the requirements of Rule 32(c) (1), Federal Rules of Criminal Procedure, which reads as follows:

    The probation service of the court shall make a presentence investigation and *report to the court before the imposition of sentence* or the granting of pro-

bation unless the court otherwise directs. The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or has been found guilty. (Emphasis added.)

In fact, the concurrent efforts to adjudicate guilty and to sentence demonstrate, we think, a complete disregard of these requirements, unless the district judge had directed that no such report be made, but the record is silent in this regard.

the United States a fine in the sum of Ten Thousand and no/100 ($10,000.00) Dollars on each of the Counts One(1) and Four (4) making a total of Twenty Thousand and no/100 ($20,000.00) Dollars to be paid.

■■ Before the statement from the bench, from which we have quoted, there is nothing in the record to indicate that the district judge or the United States Attorney concerned themselves at all with the charges made in Count *Five* of the indictment. The United States Attorney had conceded that there was not enough evidence to support the charges made in Counts Two and Three,[3] and finally, *after the fact,* there is a judgment which is signed by the district judge (not the judgment and commitment aforementioned) which purports to find Haywood guilty of the charges made in Counts One and Four and *not guilty* on Counts Two, Three and *Five.* The point of this is to note that the district judge had for disposition, at the end of the hearing, at least Counts One, Four and *Five.* This is mentioned to illustrate how inadequate was the statement made from the bench. It is now impossible for us to say with any degree of certainty what was actually done. The United States Attorney had stated to the district judge that there were only *two counts* then involved but without mentioning the two by number.[4] It is obvious that these proceedings were confused and confusing to the extent that Haywood did not know (and could not have known) what was happening to him. Rule 23(c), Federal Rules of Criminal Procedure, which governs a trial such as this, reads:

In a case tried without a jury the court shall make a general finding and shall in addition on request find the facts specially. If an opinion or memo-

randum of decision is filed, it will be sufficient if the findings of fact appear therein.

These obvious irregularities and ambiguities require us to say that the district court did not comply with this rule. In light of the situation as it then existed, the statement from the bench, "I am going to adjudicate him guilty—and there are two offenses I can find him on—", is simply inadequate, when measured by any reasonable standard. These proceedings were inconclusive in all respects (except for the adjudication of not guilty on Counts Two, Three and *Five* of the indictment, which is and must be final). Amendment V, Constitution of the United States.

Moreover, there was a complete failure to afford appellant his right of allocution, which is spelled out clearly in Rule 32(a) (1), Federal Rules of Criminal Procedure, in this language:

Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and *shall address the defendant personally* and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment. (Emphasis added.)

Such a failure is error. Cuozzo v. United States, 325 F.2d 274 (5 Cir. 1963);[5] Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), and Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). The 1966 amendment to this rule simply codified what the courts had already declared—the absolute right of allocution.

Simple justice requires that this case be reversed and remanded for a new trial on the charges made in Counts One and Four of the indictment.

Reversed and remanded.

---

3. But, there was no motion to dismiss or to otherwise dispose of these counts.

4. In fact, on the record at that time, all five counts were viable, and each required some action by the court. Recognition of this fact is implicit in the sep-

arate judgment—not the judgment and commitment.

5. This was an earlier failure, on the part of this same district judge, to afford the right of allocution. The case was reversed for resentencing for that error.