510

STATE OF HAWAII, Plaintiff-Appellee, *v.* TOTOA P. WELLS, Defendant-Appellant

NO. 13410

(FC-CRIMINAL NO. 87-2110)

OCTOBER 5, 1989

BURNS, C.J., HEEN AND TANAKA, JJ.

## OPINION OF THE COURT BY TANAKA, J.

This is an appeal from a conviction in a jury-waived trial for physical abuse of a family or household member in violation of Hawaii Revised Statutes (HRS) § 709-906(1) (1985).[1] Defendant

---

[1] Hawaii Revised Statutes (HRS) § 709-906(1) (1985) provides in pertinent part as follows:

It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member . . . .

Totoa P. Wells (Defendant) contends, *inter alia,* that the family court erred in refusing to make special findings upon his request, as required by Hawaii Rules of Penal Procedure (HRPP) Rule 23(c). We agree, vacate the judgment of conviction, and remand the case for further proceedings.

## I.

At the bench trial held on August 30, 1988, Sekara Taufoa (Taufoa) testified that she and Defendant had lived together for approximately eight years. She stated that Defendant came home drunk on the evening of December 8, 1987, and demanded food. She refused to prepare food for Defendant and swore at him. Taufoa believed that her refusal and her swearing made Defendant mad.

Taufoa testified that Defendant pushed her down on the bed. She later stated on redirect examination that the pushing occurred after she hit Defendant. After being pushed down on the bed, Taufoa struck Defendant's chest with her fist. Defendant then bit Taufoa's right thumb. Taufoa hit Defendant again. Defendant responded by hitting Taufoa's head with an open hand. Taufoa felt a little dizzy and ran outside.

Police Officer Kenneth Patton[2] (Officer Patton), the investigating officer, testified that he found Taufoa outside the building. She was crying and her right thumb was bleeding. Although Taufoa complained of soreness in her head and dizziness, Officer Patton observed no physical injuries to her head or face. An ambulance took Taufoa to a hospital for treatment.

---

For the purpose of this section, "family or household member" means spouses or former spouses, parents, children, and persons jointly residing or formerly residing in the same dwelling unit.

HRS § 709-906(5) further provides that abuse of a spouse or household member is a misdemeanor, "provided that a person convicted under this section shall serve a minimum jail sentence of forty-eight hours and be required to undergo any available domestic violence treatment and counseling program as ordered by the court."

---

[2] In the trial transcript, the official court transcriber indicates that "Officer Patten" is a phonetic spelling. Trial Transcript at 3. However, in the "Petition of Police Officer" in the record, the officer's name set forth is "Kenneth Patton." Record at 1.

Officer Patton also testified that he entered the residence, spoke to Defendant, and arrested him. At that time, he observed that Defendant had some scratches on his body and face and bite marks on his arm. After Officer Patton's testimony, the State rested.

Defendant rested without presenting any evidence. After the family court found Defendant guilty as charged, defense counsel made the following request:

> Your Honor, could — could I request specific findings of why, like, there was no mutual affray or self defense.

Trial Transcript at 43. The trial court refused Defendant's request and made no special findings of fact.

## II.

HRPP Rule 23(c)[3] provides as follows:

> Trial Without a Jury. In a case tried without a jury the court shall make a general finding and *shall in addition, on request made at the time of the general finding, find such facts specially as are requested by the parties.* Such special findings may be orally in open court or in writing at any time prior to the sentence. [Emphasis added.]

We are unaware of any reported Hawaii case holding that in a jury-waived trial, when a party requests special findings of fact under HRPP Rule 23(c), the trial court's duty to make special findings is mandatory.[4] However, under Federal Rules of Criminal Procedure Rule 23(c),[5] which is substantially similar to HRPP Rule

---

[3] The Hawaii Rules of Penal Procedure (HRPP) "apply to all penal proceedings in all courts of the State of Hawaii," except as provided in HRPP Rule 54(b). HRPP Rule 54(a). This family court proceeding does not fall within any of the exceptions in subsection (b).

[4] *State v. Bigelow,* 2 Haw. App. 654, 638 P.2d 873 (1982), holds that if no request for special findings of fact is made under HRPP Rule 23(c), a general finding of guilt is sufficient.

[5] Federal Rules of Criminal Procedure Rule 23(c) reads as follows:

> Trial Without a Jury. In a case tried without a jury the court shall make a general finding and shall in addition, on request made before the general finding, find the facts specially. Such findings may be oral. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact appear therein.

23(c), the trial court's duty to make special findings upon request is mandatory. *See United States v. Pinner,* 561 F.2d 1203, 1206 (5th Cir. 1977), *cert. denied,* 439 U.S. 1115, 99 S. Ct. 1018, 59 L. Ed. 2d 73 (1979); *United States v. Morris,* 263 F.2d 594, 595 (7th Cir. 1959); 2 C. Wright, *Federal Practice and Procedure: Criminal 2d* § 374 (1982).

We hold that upon Defendant's request for special findings of fact relating to self-defense and mutual affray,[6] the family court was required to make those findings. In refusing Defendant's request, the family court violated HRPP Rule 23(c).

### III.

Professor Wright states, "If the court should fail to make special findings despite a timely request from the defendant, there must either be a new trial or a remand for further findings." 2 C. Wright, *supra,* at 314-15.

Citing *Howard v. United States,* 423 F.2d 1102 (9th Cir. 1970), *Haywood v. United States,* 393 F.2d 780 (5th Cir. 1968), and *United States v. Morris, supra,* Defendant asserts that we should "reverse the conviction . . . and remand for a new trial." The cited cases, however, do not support Defendant's assertion.

In *Howard,* the Ninth Circuit reversed the convictions because (1) the district court erred in denying defendant's motion to suppress evidence as to one of the counts and (2) the appellate court was unable to determine whether the district court relied on an invalidated presumption as to the other count. The court reversed and remanded for a new trial for these reasons and not on the basis of a Rule 23(c) violation. As an aside, the appellate court denounced the district court's attempt to circumvent the mandatory nature of Rule 23(c) by "the expedient of conditioning a jury waiver on a waiver of special findings." 423 F.2d at 1104.

---

[6] HRS § 707-712(2) provides that assault in the third degree, a misdemeanor, is reduced to a petty misdemeanor if "committed in a fight or scuffle entered into by mutual consent[.]" Defendant labels this petty misdemeanor as being a "mutual affray." Defendant contends, *inter alia,* that the State's evidence proves a mutual affray (petty misdemeanor), which he argues is a lesser included offense of physical abuse of a family or household member (a misdemeanor).

*Haywood* concerned a jury-waived trial involving a five-count indictment. In rendering his decision, the district judge stated, "I am going to adjudicate him guilty — and there are two offenses I can find him guilty on —." 393 F.2d at 782. The Fifth Circuit held that the defendant was entitled to a new trial because of the inadequacy of the district court's general finding and, also, because the defendant was not afforded his right of allocution. *Haywood* did not involve special findings under Rule 23(c).

*Morris* involved a jury-waived case in which the district court refused the defendant's request for special findings. In reversing the conviction and remanding the case for a new trial, the Seventh Circuit merely concluded that "the substantial rights of *all* parties will be best served by a new trial." 263 F.2d at 596 (emphasis in original). *Morris,* however, gives us no guidance as to under what facts and circumstances a new trial would serve "the substantial rights of all parties." The court did imply that, under other circumstances, it may be proper to simply remand for findings while the appeal remains in abeyance, or to vacate the judgment of conviction and remand for findings and a judgment in conformance therewith. *Id.*

When the defendant requests special findings and the district court fails to make special findings on a " 'controlling question, it is appropriate for the appellate court to remand the case to that court, rather than deal with the merits of the question on appeal.' " *United States v. Rinke,* 778 F.2d 581, 586 (10th Cir. 1985) (quoting *United States v. Conners,* 606 F.2d 269, 273 (10th Cir. 1979)). As in *Howard, supra,* the district court in *United States v. Livingston,* 459 F.2d 797 (3d Cir. 1972), granted the defendant's request for a jury-waived trial on condition that he waive his right to request special findings. The appellate court did not grant a new trial, but merely vacated the guilty verdict and remanded the case for "findings required by Rule 23(c) before imposing sentence." *Id.* at 798. *See also United States v. Conners, supra; United States v. Pinner, supra.*

Based on the record, the proper remedy in this case is that afforded to the defendants in *Rinke* and *Livingston.* Contrary to Defendant's assertion, we do not agree that the "substantial rights" of the parties would be best served by a new trial.

Accordingly, we vacate the judgment of conviction and remand the case with directions that the family court enter special findings

of fact with respect to the issues of self-defense and mutual affray,[7] as requested by Defendant, and conclusions and a judgment in conformance therewith.

Judgment of conviction vacated and case remanded for further proceedings consistent with this opinion.

*Clayton Kimoto,* Deputy Public Defender, on the brief for defendant-appellant.

*James M. Anderson,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellee.

---

[7] *See* note 6 *supra.*