16 P.3d 845

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Fred HELM, Defendant–Appellant.**

**No. 22845.**

Intermediate Court of Appeals of Hawai'i.

Nov. 22, 2000.

As Amended Nov. 30, 2000.

Paul Saccoccio, Haleiwa, on the briefs, for Defendant–Appellant.

Renee Van Keulen, Deputy Attorney General, on the briefs, for Plaintiff–Appellee.

BURNS, C.J., WATANABE and FOLEY, JJ.

Opinion of the Court by FOLEY, J.

Defendant–Appellant Fred Helm (Helm) appeals the August 10, 1999, judgment of conviction and sentence of the district court, which found Helm guilty of Impersonating a Public Servant under Hawai'i Revised Statutes (HRS) § 710–1016 (1993) and sentenced Helm to one year probation, 100 hours of community service, a $500 fine, and a $50 criminal injuries compensation fund fee assessment. We affirm.

## I.

On February 23, 1999, the State of Hawai'i, Department of Agriculture, Plant Quarantine Branch, received an unopened Department of Agriculture envelope addressed to Stanton C. Oshiro (Oshiro), Attorney at Law, with a return address of the Department of Agriculture, Plant Quarantine Branch. The letter had been marked by the post office as "not deliverable as addressed" and "unable to forward." Upon opening the envelope, Myron Isherwood (Isherwood), the Plant Quarantine Program Manager, found a letter purportedly written and signed by himself to Oshiro. The letter offered an excuse for why Helm, an employee with the Department of Agriculture, had missed a recent court date in Hilo relating to a Driving Under the Influence of Intoxicating Liquor (DUI) arrest. Missing the hearing had resulted in Helm's being found in contempt of court. The letter asked Oshiro, as Helm's attorney, to ask the presiding judge in Hilo to drop the contempt charge because Helm had allegedly been in Guam carrying out job-related duties for the Department of Agriculture. Attached to the letter was a copy of a federal Fish and Wildlife Permit naming the Hawai'i Department of Agriculture as the permittee, the general permit conditions associated with the Fish and Wildlife Permit, and a copy of Senate Bill No. 521 from the 1999 Legislative Session relating to the brown tree snake.

At a bench trial, Isherwood testified that the signature appearing on the letter was not his and that he, in fact, had not written the letter. Isherwood also testified that he had the obligation to enforce HRS Chapter 150A (includes authority to issue citations, execute a warrant, and seize contraband). He further testified that he had the authority to enforce Title 4, Subtitle 6, Chapters 70 through 73 of the Hawai'i Administrative Rules (with specific authority to issue citations and execute on warrants) and the authority to enforce HRS Chapter 141.

Helm was found guilty, as charged, of Impersonating a Public Servant, with the court specifically holding:

> That the court finds that all these matters were done intentionally; that you were representing yourself to be a public servant; that it was not yourself but was with the official manager of the Department of Agriculture; that all these matters were done not in any matters having to do with matters regarding a police or peace officer but other matters not related to that effect.

The court then reiterated its position after being questioned by defense counsel saying, "[t]he court finds—[a]s I said before in my findings of fact that these matters were done in matters not involving peace related, peace officer, just peace related activities."

Helm filed a timely appeal.

## II.

Hawai'i Revised Statutes § 710–1016 (1993) reads, in part, as follows:

> **§ 710–1016 Impersonating a public servant.** (1) A person commits the offense of impersonating a public servant if the person pretends to be a public servant other than a peace officer and engages in any conduct in that capacity with intent to deceive anyone.
>
> (2) It is no defense to a prosecution under this section that the office the person pretended to hold did not in fact exist.

Helm contends that to be convicted under HRS § 710–1016, the evidence must show beyond a reasonable doubt that Isherwood was *not* a peace officer. Helm contends the evidence showed Isherwood was a peace officer and therefore Helm's conviction should be reversed by this court. The State argues Helm's conviction should be affirmed because the evidence showed that Helm *pretended* to be a public servant other than a peace officer. The State contends whether or not Isherwood was in fact a peace officer is not relevant. According to the State, the issue is not who Isherwood was, but who Helm pretended to be.

Helm also contends the district court erred in not making a specific finding that Isherwood was not a peace officer.

## III.

Hawai'i Revised Statutes § 710–1016 was enacted in 1972 and originally read as follows:

**§ 710–1016 Impersonating a public servant.** (1) A person commits the offense of impersonating a public servant if he pretends to be a public servant and engages in any conduct in that capacity with intent to deceive anyone.

(2) It is no defense to a prosecution under this section that the office the person pretended to hold did not in fact exist.

(3) Impersonating a public servant is a misdemeanor.

1972 Haw. Sess. L. Act 9, § 1016 at 113.

In 1984, the legislature amended HRS § 710–1016(1) to include the phrase "other than a peace officer" and enacted HRS § 710–1016.5 that dealt exclusively with the crime of impersonating a peace officer, which was elevated from a misdemeanor to a class C felony:

**§ 710–1016 Impersonating a public servant.** (1) A person commits the offense of impersonating a public servant if the person pretends to be a public servant other than a peace officer and engages in any conduct in that capacity with intent to deceive anyone.

(2) It is no defense to a prosecution under this section that the office the person pretended to hold did not in fact exist.

(3) Impersonating a public servant is a misdemeanor.

**§ 710–1016.5 Impersonating a peace officer.** (1) A person commits the offense of impersonating a peace officer if the person pretends to be a peace officer and engages in any conduct in that capacity with the intent to deceive anyone.

(2) It is no defense to a prosecution under this section that the office or position the person pretended to hold did not in fact exist.

(3) Impersonating a peace officer is a class C felony.

1984 Haw. Sess. L. Act 139 §§ 1 & 2 at 263.

In taking impersonation of a peace officer out of HRS § 710–1016 and creating a new section exclusively prohibiting the impersonation of a peace officer, the legislature indicated it was doing so because it was "concerned over the alarming increase of peace officer impersonators who prey on women motorists at night and over the use of false pretense of authority as a prelude to the commission of other crimes." Hse. Stand. Comm. Rep. No. 342–84, in 1984 House Journal (Reg.Sess.) at 988. The Senate Judiciary Committee wrote:

The purpose of this bill is to add a new section to the Hawaii [Hawai'i] Penal Code, Hawaii [Hawai'i] Revised Statutes, to create the offense of impersonating a peace officer, which shall be a class C felony. The bill also excludes impersonation of a peace officer from the lesser offense of impersonation of a public servant.

A person may be charged with the offense of impersonating a peace officer if he or she pretends to be a peace officer and acts in that capacity to deceive another person. The fact that the office or position the person pretended to hold did not exist is no defense.

"Peace officer" is defined in section 710–1000, Hawaii [Hawai'i] Revised Statutes, as "any public servant vested by law with a duty to maintain public order or to make arrests for offenses, whether that duty extends to all offenses or is limited to a specific class of offenses."

This definition would include police officers, the sheriff and deputy sheriffs of the State Judiciary, law enforcement officers of the Department of the Attorney General, and investigators of the Department of Social Services and Housing.

The bill also provides that the offense of impersonating a peace officer is separate from and not included in the offense of impersonating a public servant. The latter offense, set forth in section 710–1016, Hawaii [Hawai'i] Revised Statutes, is a misdemeanor. "Public servant," as defined in section 710–1000, Hawaii [Hawai'i] Revised Statutes, "means any officer or employee of any branch of government, whether elected, appointed, or otherwise employed, and any person participating as advisor, consultant, or otherwise, in performing a governmental function, but the term does not include jurors or witnesses."

Testimony from both the Honolulu Police Department and Honolulu Prosecuting

Attorney's Office discussed the particularly serious problem of recent cases involving sexual abuse, assault, and homicide of female motorists committed by persons posing as law enforcement officers.

In light of these recent cases, your Committee recognizes the need to establish an offense which imposes a greater criminal penalty for impersonating law enforcement officers.

Sen. Stand. Comm. Rep. No. 490–84, in 1994 Senate Journal (Reg.Sess.) at 1232–33.

In 1987, the legislature repealed HRS § 710–1016.5 and enacted HRS §§ 710–1016.6 through 710–1016.9, which read as follows:

§ 710–1016.6 **Impersonating a law enforcement officer in the first degree.** (1) A person commits the offense of impersonating a law enforcement officer in the first degree if, with intent to deceive, the person pretends to be a law enforcement officer and is armed with a firearm.

(2) Impersonating a law enforcement officer in the first degree is a class C felony.

§ 710–1016.7 **Impersonating a law enforcement officer in the second degree.** (1) A person commits the offense of impersonating a law enforcement officer in the second degree if, with intent to deceive, the person pretends to be a law enforcement officer.

(2) Impersonating a law enforcement officer in the second degree is a misdemeanor.

§ 710–1016.8 **Presumptions.** Any person other than a law enforcement officer, who wears the uniform or displays the badge or identification card of a law enforcement officer, or who wears a uniform or displays a badge or identification card resembling the uniform, badge or identification card of a law enforcement officer, or a badge or identification card purported to be a law enforcement officer's badge or identification card, shall be presumed to be pretending to be a law enforcement officer.

§ 710–1016.9 **Defense.** (1) Employment by the State or a subdivision thereof or by the United States as a law enforcement officer at the time of the conduct charged is an affirmative defense to a prosecution for impersonating a law enforcement officer.

(2) It is no defense to a prosecution for impersonating a law enforcement officer that the office the person pretended to hold did not in fact exist.

1 1987 Haw. Sess. L. Act 130, § 3 at 204–05.

Additionally, the legislature changed the definition of "peace officer" under HRS § 710–1000(13) to "law enforcement officer" as follows:

(13) "Law enforcement officer" means any public servant, whether employed by the State or subdivisions thereof or by the United States, vested by law with a duty to maintain public order or, to make arrests for offenses or to enforce the criminal laws, whether that duty extends to all offenses or is limited to a specific class of offenses[.]

1 1987 Haw. Sess. L. Act 130, § 1 at 204.

When HRS § 710–1016, Impersonating a Public Servant, was first enacted in 1972, it included peace officers or law enforcement officers. In 1984, when the statute was amended to exclude peace officers, the term "peace officer" was defined as "any public servant vested by law with a duty to maintain public order or to make arrests for offenses, whether that duty extends to all offenses or is limited to a specific class of offenses." HRS § 710–1000(13) (1976).

The 1984 amendment to HRS § 710–1016, excluding peace officers from its provisions, was intended to create harsher penalties for those impersonating peace officers. In enacting this 1984 amendment, the legislature meant peace officers to include "police officers, the sheriff and deputy sheriffs of the State Judiciary, law enforcement officers of the Department of the Attorney General, and investigators of the Department of Social Services and Housing." Sen. Stand. Comm. Rep. No. 490–84, *supra.* The legislature intended to address "the particularly serious problem of recent cases involving sexual abuse, assault, and homicide of female motorists committed by persons posing as law enforcement officers." *Id.*

**444**

## IV.

█ It is not disputed that Helm was impersonating a public servant. The issue in dispute is whether the office Helm pretended to hold was that of a peace or law enforcement officer (the 1984 and 1987 legislative enactments made them one and the same for purposes of HRS § 710–1016). Whether or not the office Helm pretended to hold existed is not relevant.

The impersonation occurred when Helm wrote and signed the letter. The office he pretended to hold by writing the letter is that of Manager, Plant Quarantine Branch, Department of Agriculture (his supervisor's office). The letter was directed to Helm's attorney to share with a presiding judge in order to have contempt charges dropped against Helm. Helm's impersonation of his supervisor (Isherwood) was that of a public servant attempting to keep brown tree snakes from entering Hawai'i from Guam. This is not the office targeted by the legislature in its 1984 amendments. Helm was not pretending to be a public servant vested by law with a duty to maintain public order or to make arrests for offenses (peace officer), but was only pretending to be his own supervisor who had purportedly sent Helm to Guam to protect Hawai'i from the brown tree snake.

█ The district court found Helm impersonated a public servant in matters not related to peace or police officer matters. A special finding that Isherwood was not a peace officer was not required. In a jury waived trial, a special finding of fact by the trial court on a "controlling question" is required when requested by the defendant. *State v. Wells*, 7 Haw.App. 510, 514, 780 P.2d 585, 588 (1989). The controlling question before the trial court was *not* what office Isherwood held, but *who* Helm pretended to be. Whether or not Isherwood's office existed was irrelevant. HRS § 710–1016(2).

## V.

The district court's August 10, 1999, judgment of conviction and sentence is affirmed.