STATE OF HAWAI`I, Plaintiff-Appellee,
v.
IRENE VIERRA, Defendant-Appellant
No. 28226
Intermediate Court of Appeals of Hawaii.
August 21, 2008.
On the briefs:
Walter J. Rodby, for defendant-appellant.
Brian R. Vincent, deputy prosecuting attorney, City and County of Honolulu, for plaintiff-appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE, and FOLEY, JJ.
Defendant-Appellant Irene Vierra (Appellant) appeals from the judgment entered by the Family Court of the First Circuit (family court)[1] on September 27, 2006, following a bench trial, convicting and sentencing her for harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2007).[2]
On appeal, Appellant raises two points of error:
(1) The family court erred by failing to find that Appellant's use of self-protective force was reasonable; and
(2) The family court erred by convicting Appellant of harassment because Plaintiff-Appellee State of Hawai`i (the State) failed to disprove or negate Appellant's self-protection defense beyond a reasonable doubt.
Upon a thorough review of the record and the briefs submitted by the parties, and having duly considered the issues and arguments raised on appeal as well as the statutory and case law relevant thereto, we conclude that Appellant's arguments are without merit and resolve her points of error as follows:
(1) The Hawai`i Rules of Penal Procedure (HRPP) applied to the proceeding below. See HRPP Rule 54(a) (2006); Hawai`i Family Court Rules Rule 81(c) (2006). HRPP Rule 23 (2007) reads, in relevant part:
Rule 23. TRIAL BY JURY OR BY THE COURT.
. . . .
(c) Trial without a jury. In a case tried without a jury the court shall make a general finding and shall in addition, on request made at the time of the general finding, find such facts specially as are requested by the parties. Such special findings may be orally in open court or in writing at any time prior to sentence.
(Emphasis added). The record is devoid of any request for "special findings" regarding Appellant's self-protection defense. As a result, the family court was not required to issue a special finding as to the reasonableness of Appellant's use of self-protective force. See State v. Bush, 98 Hawai`i 459, 461, 50 P.3d 428, 430 (App. 2002); State v. Wells, 7 Haw. App. 510, 512 n. 4, 513, 780 P.2d 585, 587 n. 4, 588 (1989).
(2) Appellant's second point of error challenges the sufficiency of the evidence used to support her conviction.
On appeal, the test to determine the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the State, there is substantial evidence to support the conclusion of the trier of fact. . . . "Substantial evidence" is credible evidence which is of sufficient quality and probative value to enable a man of reasonable caution to reach a conclusion.
State v. Ildefonso, 72 Haw. 573, 576-77, 827 P.2d 648, 651 (1992) (ellipsis and internal citations omitted). Viewed in this light, the record contains "substantial evidence" in the form of testimony from the State's three witnesses, which disproves or negates Appellant's self-protection defense. Therefore, Appellant's challenge to the sufficiency of the evidence used to convict her is without merit.
Accordingly, the judgment entered by the Family Court of the First Circuit on September 27, 2006 is hereby affirmed.
NOTES
[1] The Honorable Russel S. Nagata presided.
[2] The current version of HRS § 711-1106(1)(a) is the same as when Appellant is alleged to have violated the statute.