**In the Matter of Dean PATTERSON, Petitioner,**

v.

**Barbara B. CRABB, Chief Judge of the United States District Court for the Western District of Wisconsin, Respondent.**

**No. 89–2373.**

United States Court of Appeals, Seventh Circuit.

Submitted May 17, 1990.

Decided June 18, 1990.

Patrick J. Fiedler, U.S. Atty., Madison, Wis., for respondent.

Allen D. Reuter, Clifford & Relles, Madison, Wis., John S. Williamson, Jr., Herrling & Swain, Appleton, Wis., for petitioner.

Before CUMMINGS, CUDAHY and POSNER, Circuit Judges.

POSNER, Circuit Judge.

We are asked to issue a writ of mandamus in unusual circumstances. On August 3, 1988, this panel dismissed Dean Patterson's appeal from the dismissal, on immunity grounds, of a civil rights damages claim arising out of his discharge from a tenured teaching position at a state university. The ground of our action was the absence of a final judgment order required by Rule 58 of the Federal Rules of Civil Procedure. *Patterson v. Portch*, 853 F.2d 1399, 1402–04 (7th Cir.1988). In fact, there was such an order; we had overlooked it. Neither party brought the oversight to our attention. Ten months later, Patterson's counsel moved the district judge to enter a final judgment. She refused on the appealing ground that she *had* entered a final judgment—we had overlooked it. Patterson argues improbably that our erroneous decision established the law of the case—made falsity truth—and therefore required the district judge to enter another judgment.

Patterson's lawyer should have brought the oversight to our attention by filing a petition for rehearing, so that we could

have withdrawn our opinion and proceeded to the decision of his appeal. But Patterson was at the time pursuing an alternative administrative remedy for his discharge and may not have felt an urgent need to engage this court in the esoterica of finality. It was only when the administrative path ended in failure that he asked the district court, consistently with our erroneous opinion, to enter a final judgment. Had his adversary wished to accelerate the finality of the proceeding, he could himself have asked the district judge to act; he did not.

It is tempting to suppose that the district judge should have entered the redundant judgment sought by Patterson, lest Patterson, partly through his counsel's fault in failing to apprise us of our error but mainly through our fault in making the error in the first place, lose his right to appeal from the dismissal of his civil rights claim. If his adversary had been prejudiced by the delay, it would be a different case; but no prejudice is alleged here. The objection to the suggested course is that the entry of a redundant judgment for the sole purpose of allowing a party to appeal after the deadline for taking an appeal had run would wreak havoc with the intricate structure of deadlines for appeals. Fed.R.App.P. 4(a)(1), (5); Fed.R.Civ.P. 77(d); *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 230–34 (7th Cir.1990). But here of course the appeal *was* taken in time.

We need not penetrate deeper into this labyrinth. Even if we have the power to order the district judge to enter a new judgment, rather than do that and thereby require a further shuffle between this court and the district court we shall construe the petition for a writ of mandamus as a request to recall the mandate issued after our decision of August 3, 1988, dismissing Patterson's appeal. Although Rule 40(a) of the Federal Rules of Appellate Procedure allows only fourteen days for the filing of a petition for rehearing (unless the period is either extended or contracted by order of the court), courts of appeals have asserted the power (analogous to that conferred on the district courts by Fed.R.Civ.P. 60(b)) to recall a mandate, in effect reopening the case, without limit of time, although only in exceptional circumstances. *Johnson v. Bechtel Associates Professional Corp.*, 801 F.2d 412, 416 (D.C.Cir.1986) (per curiam); *American Iron & Steel Institute v. EPA*, 560 F.2d 589, 593–95 (3rd Cir.1977); *Zipfel v. Halliburton Co.*, 861 F.2d 565, 567 (9th Cir.1988); 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure § 3938 (1977). The assertion of this power fills a gap in the appellate rules and is well within the traditional authority of courts, properly described as inherent, to regulate procedures in them in the absence of legislatively prescribed rules. *United States v. Torres*, 751 F.2d 875, 878 (7th Cir.1984). The exercise of the power is unproblematic in a case such as this where the appellant through judicial error never obtained a hearing of his appeal and the appellee does not contend that he will be harmed by the reopening of the matter.

We therefore order the appeal reinstated and dismiss the petition for mandamus as moot. In view of the passage of time since Patterson's appeal was originally briefed and argued, we direct the parties to file new briefs within thirty days.

SO ORDERED.