915 F.2d 1575
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dean PATTERSON, Plaintiff-Appellant,
v.
Stephen A. PORTCH, et al., Defendants-Appellees.
 Nos. 87-2448, 87-2541.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 6, 1990.
Decided Oct. 9, 1990.
 
 Before CUMMINGS, CUDAHY and POSNER, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 The history of this civil rights suit is recounted in our previous opinions, 853 F.2d 1399 (7th Cir.1988); 904 F.2d 1179 (7th Cir.1990), and will not be repeated here beyond noting that Mr. Patterson has died since our last opinion and has been replaced in this litigation by his personal representatives without objection. The only issue remaining in the case is whether defendant Fort, who deemed Patterson to have "constructively resigned" when Patterson failed to show up to work as ordered, is immune from damages liability for the consequences of that act, which was in fact tantamount to firing Patterson without the hearing to which the due process clause of the Fourteenth Amendment entitled him as a tenured public employee. The resolution of the issue depends on whether, in 1979 when the act occurred, the law was "clearly established" that "constructive resignation" is a form of involuntary termination that entitles the employee to a hearing, just as if he had been fired outright. Judge Crabb thought not, and we agree.
 
 
 2
 Our original opinion described the question whether an employee who had constructively resigned was entitled to a hearing as a tricky one. 853 F.2d at 1409. It was also a novel one. No doubt as a matter of legal logic, and perhaps even common sense, if it amounts to firing an employee to make life so unbearable that he quits, it amounts to firing him if you give him unreasonable work orders and then when he fails to show up to carry them out you treat him as having quit.
 
 
 3
 Patterson was a teacher at a Wisconsin state college. Fort assigned him to a noninstructional job, and told him to report to work at a given time and place. Patterson did not show up, on the ground that he would not work until certain charges (as he thought) against him were resolved, but neither would he resign. Nevertheless, since he had refused the order to work, Fort deemed Patterson to have voluntarily resigned. The better view, we concluded in our first opinion, was that he had not resigned, not voluntarily anyway. Yet we took some pages to reach this conclusion, which was not compelled by precedent, not obvious on the basis of precedent, and, in short, not "clearly established," at the time of the incident (although it would be now). Fort is therefore entitled to immunity, and the judgment of the district court must therefore, and it hereby is,
 
 
 4
 AFFIRMED.