23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Mario A. MORA, Angel Marcias, and Roberto Ponce,
** Plaintiffs-Appellants,
v.
John L. NUNN, Charles Adkins, William Hartley, H. Vales,
Capt. Dick Clark, and Robert Farley, Defendants-Appellees.
 Nos. 93-1782, 93-2185.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 5, 1994.*
Decided April 6, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Mario Mora, Angel Marcias and Roberto Ponce filed an action pursuant to 42 U.S.C. Sec. 1983 against the defendant prison officials, claiming they were denied due process of law and their Eighth Amendment rights were violated when they were placed in administrative segregation on the basis of their immigration status. Finding that the defendants provided notice and a hearing in which the plaintiffs were given an opportunity to object to their placement in administrative segregation, the district court granted summary judgment for the defendants. We affirm.
 
 
 2
 The plaintiffs, natives of Mexico, were incarcerated in the Westville Correctional Center, Indiana, for state drug-trafficking convictions when the Immigration and Naturalization Service (INS) filed detainers with the Indiana Department of Corrections, stating that the plaintiffs' alien status was being investigated. Some months later, on October 18, 1991, the plaintiffs were transferred to the Indiana State Prison, where they could be kept in administrative segregation. After three days, on October 21, 1991, Classification Hearing Notices were sent to the plaintiffs and received by them on October 22. Hearings were held by the Classification Committee on October 23 and it was recommended that the plaintiffs remain in administrative segregation pending the outcome of their INS investigations. The plaintiffs' classification in administrative segregation was reviewed monthly until July 6, 1992, when another hearing was held. The plaintiffs were notified of that hearing on July 2, 1992. The second hearing resulted in the plaintiffs' release from administrative segregation.[1]
 
 
 3
 Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions and affidavits on file show that there are no genuine issues of material fact. Fed.R.Civ.P. 56(c). The party seeking summary judgment has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has supported the motion, the non-movant may not rest on the pleadings to avoid summary judgment but must set forth specific facts demonstrating a genuine issue for trial. Id. at 325.
 
 
 4
 The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving any person of life, liberty or property without due process of law. The source of a liberty interest may be the Due Process Clause itself or it may arise from state statutory or regulatory measures. Hewitt v. Helm, 459 U.S. 460, 474 (1982). Here, the plaintiffs claim a liberty interest in remaining in the general prison population. However, the Supreme Court has held that such a liberty interest does not arise under the Due Process Clause. Id. at 466-68. Whether a liberty interest is created by the Indiana statutes or regulations is undecided. Alston v. DeBruyn, 13 F.3d 1036, 1042 (7th Cir.1994). Nonetheless, we need not address that issue here because the defendants' uncontradicted affidavits establish that the plaintiffs received all the process due them. Smith v. Shettle, 946 F.2d 1250, 1254 (7th Cir.1991).
 
 
 5
 Even where state statutes or regulations create a liberty interest in remaining in the general prison population, "the Due Process Clause requires only an informal non-adversary review of [the] evidence," within a reasonable time after the inmate is confined to administrative segregation. Hewitt 460 U.S. at 474; Smith, 946 F.2d at 1254. Here, the defendants offered ample evidence that the plaintiffs received due process. The plaintiffs received notice before the Classification Committee hearing. The notice informed them that they had a right to appear in person, to present pertinent information, to challenge information that would be used at the hearing, and to be informed in writing of the results of the hearing. The Classification Hearing Reports indicate that the plaintiffs were present at the hearings and they were given an opportunity to contest their placement in administrative segregation. The record also reflects that the Committee properly relied on the valid INS detainers in reaching its conclusion that the defendants should be placed in administrative segregation.[2] In opposing the summary judgment motion, the plaintiffs failed to submit any evidence to support their claim that they were not given notice or an opportunity to be heard.[3] Consequently, the district court properly concluded that there were no material issues of fact and granted summary judgment for the defendants. Smith, 946 F.2d at 1254.
 
 
 6
 The plaintiffs apparently also raise a substantive due process claim--that an inmate cannot be placed in administrative segregation on the basis of an INS detainer alone.[4] However, the holding in Hewitt--that prisoners do not have a cognizable liberty interest in remaining in the general prison population--forecloses judicial review of a state's use of administrative segregation. Even where a state has adopted procedural guidelines limiting the use of administrative segregation, "it is these restrictions alone, and not those federal courts might also impose under the Fourteenth Amendment," to which the state must adhere. Hewitt, 459 U.S. at 471. We need not determine whether the defendants infringed upon the plaintiffs' state-created liberty interests because, even if they did, under the doctrine of qualified immunity they cannot be held liable. The doctrine of qualified immunity shields government officials from liability for damages for discretionary acts that do not violate clearly established constitutional rights. Anderson v. Creighton, 483 U.S. 635, 640 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Because an Indiana inmate's liberty interest in remaining in the general prison population is not clearly established, the defendants cannot be held liable for placing inmates in administrative segregation, irrespective of the reason for such placement.
 
 
 7
 In their complaint, the plaintiffs not only raised a due process challenge to their confinement in administrative segregation, they also raised several issues concerning the restrictions imposed on them as a result of such confinement. The defendants did not address these claims in their motion for summary judgment. Consequently, the district court provided no reason for dismissing them. The plaintiffs preserve only two of these claims on appeal. First, the plaintiffs claim they were denied access to vocational, academic and rehabilitative programs in violation of the Eighth Amendment. Their claim cannot survive summary judgment, however, because the deprivation of jobs and educational programs does not violate the Eighth Amendment in the absence of grievously debilitating prison conditions. Rhodes v. Chapman, 452 U.S. 337, 348 (1981); see also Madyun v. Thompson, 657 F.2d 868, 872 (7th Cir.1981); Bono v. Saxbe, 620 F.2d 609, 613 (7th Cir.1980).
 
 
 8
 Second, the plaintiffs claim they were denied their right of access to the courts. To establish a violation of the right of access to courts, an inmate must meet both prongs of a two-part test. Jenkins v. Lane, 977 F.2d 266, 269 (7th Cir.1992). First, the inmate must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). Second, the inmate must show "some quantum of detriment" such as the interruption or delay of pending or contemplated litigation. Shango v. Jurich, 965 F.2d 289, 292 (7th Cir.1992). The second requirement is waived where an inmate alleges that he is unable to do preliminary legal research. Jenkins, 977 F.2d at 269. Here, the plaintiffs were clearly not prevented from doing preliminary legal research, as demonstrated by the fact that they successfully filed a complaint. Id. Consequently, the plaintiffs were required to show prejudice from the alleged denial of access to the courts. Neither in the district court, nor on appeal did the plaintiffs make "specific allegations suggesting how [their] claimed inability to use the law library resulted in [their] being denied 'meaningful' access to the courts." Hossman v. Spradlin, 812 F.2d 1019, 1021 (7th Cir.1987). Thus, they have failed to establish a genuine issue of material fact with respect to their claim.
 
 
 9
 Finally, the plaintiffs challenge the district court's refusal to appoint counsel. We will only override the district court's determination not to request a lawyer for the plaintiff "in that extreme case in which it should have been plain beyond doubt ... that the difficulty of the issues relative to the capabilities of the litigant would make it impossible for him to obtain any justice without the aid of a lawyer and he could not procure a lawyer on his own." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.1993), cert. denied, 114 S.Ct. 438 (1993). That standard is not satisfied in this case. The district court properly determined that the plaintiffs' case was not complex and because the facts surrounding their claims were within their personal knowledge, counsel was not needed to investigate facts. Moreover, Sec. 1983 cases are procedurally simple, Jenkins, 977 F.2d at 270, and the plaintiffs demonstrated their ability to research and analyze the applicable caselaw.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 The district court granted Angel Marcias and Roberto Ponces leave to file a belated appeal on May 12, 1993. Their appeal was docketed as case No. 93-2185, on May 17. On May 18, we informed them of the need to pay the filing fee or file a motion to proceed in forma pauperis within fourteen days. On June 11 we dismissed their appeals pursuant to Circuit Rule 3(b) for failure to pay the filing fee. However, because the plaintiffs were granted pauper status in the district court, we erred in dismissing the appeal. Therefore, we recall the mandate and order the appeal reinstated. Patterson v. Crabb, 904 F.2d 1179, (7th Cir.1990)
 
 
 [1]
 The fact that the plaintiffs are no longer housed in administrative segregation and do not seek injunctive relief does not render their claims moot because they seek money damages. Shahagian v. Dickey, 827 F.2d 90, 100 (7th Cir.1987) (citing Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 308 n. 11 (1986))
 
 
 [2]
 Thus, the actual immigration status of the plaintiffs is irrelevant
 
 
 [3]
 The plaintiffs claim that their pleadings should be construed liberally because they are not represented by counsel. However, their failure to produce evidence establishing a material issue of fact in compliance with Rule 56(e) cannot be remedied by liberal construction. The plaintiffs were properly notified of the consequences of the failure to produce evidence, Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982), therefore, the district court was bound to accept the defendants' uncontradicted evidence as true. In addition, the plaintiffs' claim that they were not given an opportunity to adequately respond to the summary judgment motion cannot be sustained. The motion for summary judgment was served on March 2, 1993. The plaintiffs' response, filed on March 10, did not suggest that the plaintiffs required additional time to obtain affidavits or pursue additional discovery. Fed.R.Civ.P. 56(f). Thus, the district court's order on March 22, 1993, was not premature
 
 
 [4]
 The plaintiffs' claim that they were placed in administrative segregation in retaliation for exercising their constitutional rights was waived by their failure to raise it in the district court. Hayden v. La-Z-Boy Chair Co., 9 F.3d 617, 621-22 (7th Cir.1993), cert. denied, 1994 LEXIS 2510, (U.S. Mar. 28, 1994)