UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-11079
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

JESSE MEEKS,
KENNY HOGUE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
November 13, 1995
_____

Before REYNALDO G. GARZA, BARKSDALE, and EMILIO M. GARZA Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

At issue is whether employees of a locksmith company, which contracted with a bank to maintain its safe deposit boxes, can be prosecuted under 18 U.S.C. § 656, which proscribes theft by a bank officer, director, agent, employee, or other person "*connected in any capacity with*" any federally insured bank. (Emphasis added.) Because we conclude that, in dismissing the indictment, the district court construed the statute too narrowly by holding that defendants Jesse Meeks and Kenny Hogue were not so connected, we **REVERSE** and **REMAND**.

I.

The indictment, which was not filed until mid-1994, but which references mid-1985 to mid-1987, bases the claimed § 656 violation on the allegation that a safe and lock company, which employed Meeks and Hogue, was "a contractor connected with" the bank.[1]  In moving to dismiss the indictment, Meeks and Hogue asserted, *inter alia*, that, contrary to the wording of § 656, they were not "connected" with the bank in "any capacity".

For purposes of the motion, the parties stipulated, among other things, that the bank contracted with the locksmith company for it to repair and maintain the bank's safe deposit boxes; that this afforded Meeks and Hogue access to the vault that housed those boxes; and that, while in the vault in 1985, they broke into safe deposit boxes and stole gold coins.  Based upon the stipulated facts, and as hereinafter discussed, the district court dismissed the indictment.

II.

The sole issue is the proper construction of § 656.  It provides:

---

[1]     Of course, had it timely done so, the Government could have prosecuted Meeks and Hogue under the bank larceny statute, 18 U.S.C. § 2113(b), thereby avoiding this statutory construction controversy.  In any event, Congress may, in its discretion, criminalize the same conduct under more than one statute, and prosecutorial discretion extends to the selection of the statutory provision under which a defendant will be prosecuted. *E.g., United States v. Smith*, 523 F.2d 771, 780 (5th Cir. 1975), *cert. denied*, 429 U.S. 817 (1976).  But, even if the Government's failure to charge these defendants within the statute of limitations for bank larceny provided the sole motivation for choosing to prosecute them instead under § 656, that in itself is of no consequence.

**- 2 -**

> Whoever, being an officer, director, agent or employee of, or connected in any capacity with any ... insured bank ... embezzles ... or willfully misapplies any of the moneys ... of such bank ... shall be fined not more than $1,000,000 or imprisoned not more than 30 years....

18 U.S.C. § 656.

Meeks and Hogue urge us to accept the construction, upon which the district court based dismissal, that to be "connected in any capacity" with the bank, they must have occupied a position of trust. The Government counters that the relationship (connection) between the bank and the locksmith company that employed Meeks and Hogue provided an adequate basis for the statute to apply.

For their non-connection assertion in district court, and in order to distinguish their relationship with the bank from those of insiders or persons occupying positions of trust, Meeks and Hogue cited the bank's policy requiring lock company representatives to be monitored while they had access to the safe deposit boxes. Adopting this position, the district court noted that the relationship was not one of trust, but rather of distrust. Based on this apparent lack of trust, as well as the fact that the defendants were employed by the locksmith company, rather than by the bank, the court agreed that they did not occupy a position of trust and, from this conclusion, held § 656 inapplicable.

As support for the assumption that § 656 requires a position of trust more significant than that enjoyed by the defendants, in order for a person to be "connected in any capacity", the district court noted that courts had consistently held that depositors are

not within the statute's scope.  But, obviously, there are significant distinctions between a depositor, who is merely a creditor of the bank and who has, without more, no expanded access to bank funds, and Meeks and Hogue, who were employed to service the bank and who were given access to property entrusted to the bank that an ordinary, unconnected party would be denied.  For example, it is most doubtful that a depositor would have been allowed into the vault with tools appropriate for opening locked safe deposit boxes.  These differences lead us to conclude that, *even assuming arguendo that the statute does not reach depositors*, this does not preclude it reaching Meeks and Hogue.[2]

The statute's plain language must be given effect if § 656 is to accomplish its purpose -- "to preserve and protect the assets of banks having a federal relationship".  **Garrett v. United States**, 396 F.2d 489, 491 (5th Cir.), *cert. denied*, 393 U.S. 952 (1968).  Needless to say, when the language of a statute is clear and unambiguous, judicial inquiry into its meaning is unnecessary.  The Supreme Court has directed that "a court should always turn first to one, cardinal canon before all others.  [It has] stated time and again that courts must presume that a legislature says in a statute

---

[2]     We note that depositors have faced prosecution for aiding and abetting a violation of § 656 when their overdrafts were large and persistent.  *See* **United States v. Rodriguez-Alvarado**, 952 F.2d 586 (1st Cir. 1991) (holding depositor criminally liable under § 656 for aiding and abetting misapplication of bank funds by bank employee who authorized cashing of checks on accounts with insufficient funds); **United States v. Hughes**, 891 F.2d 597, 600-01 (6th Cir. 1989) (finding sufficient evidence to convict two depositors for aiding and abetting misapplication of bank funds under § 656 in association with large overdrafts).

what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992).

Along that line, the statute's plain language provides no basis for a narrow reading of its scope. The words "connected in any capacity", as normally used, comprise a broad modifying phrase. Absent binding contrary precedent, we cannot distort the usual meaning of the phrase to require a more specialized type of connection with the bank than that held by Meeks and Hogue. *See Perrin v. United States*, 444 U.S. 37, 42 (1979) (words having no special meaning in law and not specially defined by Congress are to be given common, ordinary meaning).

The capacity in which Meeks and Hogue were connected with the bank was as employees of an independent contractor that provided the bank with a necessary service, which required (and permitted) its employees to be in a restricted area of the bank. Irrespective of the outer limits of the statute's reach, we cannot say that these defendants fell beyond that reach when they serviced the safe deposit boxes from within the vault of the bank.

Moreover, the case before us is not controlled by the case law, cited by Meeks and Hogue, involving defendants who faced § 656 prosecution and who occupied positions of trust with the banks they victimized. It goes without saying that a court's discussion of the factors that impacted its determination that a particular defendant was encompassed by § 656 does not mean that each of those factors becomes, from that day forward, a necessary attribute of a

person whose conduct is reached by the statute.[3]  These cases do not require that a person occupy a position of trust in order to be covered by § 656; rather, they merely provide examples of situations in which the requisite connection happened to be one of trust.[4]  Simply put, application of § 656 is fact specific.  *E.g.*, *United States v. Ratchford*, 942 F.2d 702, 705 (10th Cir. 1991), *cert. denied*, 502 U.S. 1100 (1992).

On the other hand, we are guided by cases broadly construing the same phrase when used in this and other statutes.  Sections 656, 657, and 1006 each contain the same "connected in any capacity" language, and each has received broad construction.[5]  In

[3]  Meeks asserts erroneously in his brief that "the Government agreed [in district court] that it was required to establish a trust relationship between Meeks and the Bank as a prerequisite to securing his conviction under 18 U.S.C. § 656".  In the referenced record passage, the Government states merely that, if required, it would demonstrate at trial that a trust relationship existed.  Moreover, in district court, the Government expressly refuted the defendant's characterization of cases as holding that a relationship of trust is required.

[4]  We decline to follow *United States v. Davis*, 953 F.2d 1482, 1489 (10th Cir.), *cert. denied*, 504 U.S. 945 (1992), to the extent that it may imply that § 656 requires a relationship of trust.

[5]  18 U.S.C. § 657 and § 1006 proscribe the conduct proscribed by § 656 when that conduct victimizes the Reconstruction Finance Corporation, Federal Deposit Insurance Corporation, National Credit Union Administration, Home Owners' Loan Corporation, Farm Credit Administration, Department of Housing and Urban Development, Federal Crop Insurance Corporation, Farmers' Home Corporation, the Secretary of Agriculture acting through the Farmers' Home Administration, or any land bank, intermediate credit bank, bank for cooperatives or any lending, mortgage, insurance, credit or savings and loan corporation or association authorized or acting under the laws of the United States or any institution, the accounts of which are insured by the Federal Savings and Loan Insurance Corporation or by the Administrator of the National Credit Union Administration or any small business investment company.

sum, we find the case at hand to be another appropriate factual scenario in which to construe the statute broadly enough to reach defendants' conduct. *See* ***United States v. Bolsted***, 998 F.2d 597, 598 (8th Cir. 1993) (characterizing "connected in any capacity" language in § 657 as "broad language" and finding defendant sufficiently connected, even though he lacked authority to approve loans); ***United States v. Coney***, 949 F.2d 966, 967 (8th Cir. 1991) (characterizing same language in § 656 as "broad language" and finding defendant armored car driver to be covered by statute); ***Ratchford***, 942 F.2d at 705 (instructing that "[a]lthough each case is fact specific, the courts have given a broad interpretation of § 657 to effectuate congressional intent to protect federally insured lenders from fraud" and that § 657 is "normally afforded" a "broad interpretation"); ***United States v. Prater***, 805 F.2d 1441, 1446 (11th Cir. 1986) (explaining necessity of examining facts of each case and noting that "where the defendant is not directly employed by the insured bank, courts have focused on the relationship between the employing entity and the bank's business in deciding whether there is sufficient `connection'").

## III.

For the foregoing reasons, the dismissal of the indictment is **REVERSED** and this matter is **REMANDED** for further proceedings.

**REVERSED** and **REMANDED**