**REVISED, JANUARY 28, 1998**

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 96-11378
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee

VERSUS

KENNY HOGUE and JESSE MEEKS,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Texas
Dallas Division
_____

January 12, 1998

Before DeMOSS and DENNIS, Circuit Judges, and LEE[*], District Judge.

DENNIS, Circuit Judge:


     This is the second appeal involving the prosecution of  Jesse

B. Meeks ("Meeks") and Kenny Ray Hogue ("Hogue")on an indictment

under 18 U.S.C. § 656 for the misappropriation of Krugerrands from

safe deposit boxes in the vault of First Republic Bank Dallas, N.A.

(the "Bank").  At the time of their alleged offenses, Meeks and

_____

     [*] District Judge of the Southern District of Mississippi,
sitting by designation.

Hogue were engaged in their employment as locksmiths by Underwood Safe and Vault Service ("Underwood Safe"), which had contracted with the Bank to provide locksmith services to the Bank for the repair and maintenance of its safe deposit boxes. In the first case, the district court dismissed the indictment on grounds that, under the facts stipulated to by the parties, the defendants were not amenable to conviction because they were not "connected in any capacity" with the Bank as required by the statute. Upon the government's appeal, this court reversed, holding that the district court incorrectly construed the statute by reading into it the requirement that the offender must have occupied a position of trust with the bank at the time of the offense. *United States v. Meeks,* 69 F.3d 742, 743 (5th Cir. 1995), *cert. denied,* __ U.S. __, 116 S.Ct. 1337 (1996) ("*Meeks I*"). On remand, after a bench trial, the district court convicted Meeks and Hogue, stating that it was compelled by this court's decision in *Meeks I* to find that they were connected in a capacity with the Bank at the time of the offenses. Meeks and Hogue appealed. Because we cannot determine from the present record whether the district court found beyond a reasonable doubt that Meeks and Hogue were connected in any capacity with the Bank at the time of the alleged offenses, we now vacate the district court judgment and remand the case for further proceedings.

## FACTS

Meeks and Hogue were employees of Underwood Safe, an independent contractor that contracted with the Bank to provide

2

locksmith services for the Bank's safe deposit vault, which included drilling safe deposit boxes that had been abandoned by depositors and changing the locks and keys on safe deposit boxes. The Bank required that all such locksmith work be monitored by bank employees. Sometime in 1985, while Meeks was inside the vault performing his locksmith duties, Ms. Maria del Carmen Garcia-Rendueles de Roberdo ("Rendueles"), the lessee of several safe deposit boxes, asked Meeks to help her remove a box. While Meeks was assisting Rendueles, he discovered that the box contained Krugerrand coins that were being transferred into two other boxes leased by Rendueles or her company.

Meeks reported the existence of the Krugerrands to his employer, Erwin Underwood ("Underwood"), the owner of Underwood Safe. At Underwood's urging, Meeks agreed to force open Rendueles' safe deposit boxes, take the Krugerrands, and split the coins between them. Hogue, who was also employed by Underwood Vault, agreed, in exchange for receiving a share of the stolen property, to assist in the theft and act as a lookout during the crime. Sometime between 1985 and 1987, Meeks and Hogue removed all of the Krugerrands from two of the three boxes by forcibly prying open the door hinges of the boxes with a metal tool.

In 1994, seven years after the theft of the coins was discovered, Meeks and Hogue were indicted under 18 U.S.C. § 656.[1] At the time of the offenses, Section 656 provided that "[w]hoever,

---

[1] Despite the evidence of his involvement, Erwin Underwood was not indicted.

3

being an officer, director, agent or employee of, or connected in any capacity with" certain banks or institutions, who embezzles, abstracts, purloins, or willfully misapplies certain assets belonging or entrusted to the banks or institutions, shall be fined or imprisoned, or both.  18 U.S.C. § 656 (1976).[2]

In the indictment, the appellants were charged with violations of 18 U.S.C. § 656 while acting as "employees of Underwood Safe and Vault Company, a contractor connected with First Republic Bank." The appellants moved to dismiss the indictment on the ground that it failed to state an offense because it did not allege facts sufficient to establish that appellants were "connected in any capacity with" the Bank, as required by 18 U.S.C. § 656.

Ordinarily, a motion to dismiss an indictment for failure to state an offense challenges the sufficiency of the indictment itself, requiring the court to take the allegations of the indictment as true and to determine whether an offense has been stated.  *United States v. Cadillac Overall Supply Co.*, 568 F.2d 1078, 1082 (5th Cir.), *cert. denied,* 437 U.S. 903 (1978).  If the district court dismisses an indictment because it does not allege an offense, on review the indictment is to be tested not by whether its allegations are in fact true but by the indictment's "sufficiency to charge an offense."  *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975) (quoting *United States v. Sampson*,

---

[2] The alleged criminal activities of Meeks and Hogue occurred between 1985 and 1987, before the 1989, 1990 and 1994 amendments to § 656.

371 U.S. 75, 78-79 (1962)), *cert. denied*, 423 U.S. 1087 (1976).

In *Meeks I*, however, neither the district court nor this court of appeals based its decision strictly upon the facts recited in the indictment.  Because the Government and the defendants entered into a joint stipulation of facts for purposes of the motion to dismiss the indictment, each court considered the allegations of the indictment as expanded by the stipulated facts.  The district court dismissed the indictment, concluding that the stipulated facts showed that Meeks and Hogue were not "sufficiently 'connected in any capacity with' a bank pursuant to § 656 [because Meeks and Hogue did not] exercise some position of control over the bank's affairs, enjoy a relationship of trust with the bank, or [were] entrusted with bank funds or property." (Mem. Op. and Order at 7).

Upon the Government's appeal in *Meeks I*, this court reversed, holding that (1) § 656 does not require that the offender exercise control over the bank's affairs, occupy a position of trust with the bank, or be entrusted with bank funds or property, in order to be "connected in any capacity" with a bank under the statute; (2) the words of the statute should be given their common, ordinary meaning; and (3) under the facts alleged in the indictment and the joint stipulation, it could not be said that no reasonable trier of the facts could have found that Meeks and Hogue were "connected in any capacity with" the Bank at the time of the charged offenses. *Meeks I,* 69 F.3d 744-45.

On remand, after a bench trial, the district court convicted Meeks and Hogue of violations of 18 U.S.C. § 656.  Meeks and Hogue

5

filed the present appeal (*Meeks II*).   In *Meeks II*, the major controversies concern the meaning and effect of (1) this court's decision in *Meeks I* and (2) the district court's findings of fact and conclusions of law upon remand following *Meeks I*.

DISCUSSION

1.

When a person is charged with a crime, he is entitled to a presumption of innocence and may insist that his guilt be established beyond a reasonable doubt.  *Herrera v. Collins*, 506 U.S. 390, 398 (1993); *In re Winship*, 397 U.S. 358, 364 (1970).  As a result, the prosecution bears the burden of proving all elements of the offense charged and must persuade the fact finder beyond a reasonable doubt of the facts necessary to establish each of those elements.  *Sullivan v. Louisiana*, 508 U.S. 275, 277-78 (1993); *see also Estelle v. McGuire*, 502 U.S. 62, 69 (1991)("[T]he prosecution must prove all the elements of a criminal offense beyond a reasonable doubt."); *United States v. Gaudin*, 515 U.S. 506, 523 (1995)(Rehnquist, C.J., concurring).  Therefore, a judge may not direct a verdict of guilty no matter how conclusive the evidence. *United States v. Johnson*, 718 F.2d 1317, 1321 (5th Cir. 1983) (en banc) (citing *Connecticut v. Johnson*, 460 U.S. 73, 84 (1983) (plurality opinion) (quoting *United Bhd. of Carpenters & Joiners v. United States*, 330 U.S. 395, 408 (1947))). *Accord Sullivan,* 508 U.S. at 277.

The *Winship* doctrine requires that the fact finder will rationally apply the fundamental substantive constitutional beyond-

a-reasonable-doubt standard to the facts in evidence. *Jackson v. Virginia,* 443 U.S. 307, 316-17 (1979). Under *Winship*, the trier of facts is bound by this duty whether it is a court or a jury. *Id.* at 317 n.8.; see *Winship*, 397 U.S. at 360 (arising from a juvenile adjudicatory hearing in which a state family court judge found that the juvenile had committed an act which, if done by an adult, would constitute larceny).

The fact finder in a criminal case traditionally has been permitted to enter an unassailable but unreasonable verdict of "not guilty." This is the logical corollary of the rule that there can be no appeal from a judgment of acquittal, even if the evidence is overwhelming. *Jackson*, 443 U.S. at 318 n.10. The power of the fact finder to err upon the side of mercy, however, has never been thought to include a power to enter an unreasonable verdict of guilty. *Id.* (citing *Carpenters & Joiners,* 330 U.S. at 408); *cf. Capital Traction Co. v. Hof*, 174 U.S. 1, 13-14 (1899).

2.

At the time of the alleged offenses, 18 U.S.C. § 656, in pertinent part, provided:

> Whoever, being an officer, director, agent or employee of, or connected in any capacity with any Federal Reserve bank, member bank, national bank or insured bank. . . embezzles, abstracts, purloins or willfully misapplies any of the moneys, funds or credits of such bank or any moneys, funds, assets or securities intrusted to the custody or care of such bank. . . shall be fined not more than $5,000 or imprisoned not more than five years, or both. . . .

The essential elements of the crime Meeks and Hogue were accused of are that they (1) were connected in a capacity with a

7

federally insured bank (2) when they embezzled, purloined or willfully misapplied (3) moneys, funds, or assets (4) entrusted to the custody or care of such bank. Accordingly, in the present case, the district court, in the bench trial, was required to find beyond a reasonable doubt, *inter alia*, that Meeks and Hogue were connected in some capacity with the bank at the time the Krugerrands were misappropriated, in order to convict them of violating 18 U.S.C. § 656.

3.

Federal Rule of Criminal Procedure 23(c), in pertinent part, provides: "In a case tried without a jury the court shall make a general finding and shall in addition, on request made before the general finding, find the facts specially. Such findings may be oral." Although the district court was not requested to do so, it orally made special findings of facts as well as a general finding.[3] The purpose of special findings of facts is to afford a reviewing court a clear understanding of the basis of the trial court's decision. *United States v. Johnson*, 496 F.2d 1131, 1138 n.7 (5th Cir. 1974) (citing *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 515 (5th Cir. 1969); *Featherstone v. Barash*, 345 F.2d 246, 249 (10th Cir. 1965)), *cert. denied,* 420 U.S. 972 (1975). Certain of the standards for determining whether a trial court's findings of fact are adequate are the same in civil and criminal cases. *See*

---

[3] Some judges make findings in all criminal cases in which the jury is waived, even though there has been no request from a party. *See* 2 CHARLES A. WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 374, at 311-12 & n.5 (2d ed. 1982).

*Johnson*, 496 F.2d at 1138 n.7. "'The ultimate test as to the adequacy of findings will always be whether they are sufficiently comprehensive and pertinent to the issues to provide a basis for decision.'" *Id.* (quoting *Gulf King Shrimp Co.*, 407 F.2d at 515 (quoting *Carr v. Yokohama Specie Bank, Ltd.*, 200 F.2d 251, 255 (9th Cir. 1952))). "'Findings may be sufficient if they permit a clear understanding of the basis of decision of the trial court, irrespective of their mere form of arrangement.'" *Id.* (quoting *Featherstone*, 345 F.2d at 250).

Applying these standards, we conclude that the district court's oral findings are inadequate because they do not permit a clear understanding of whether its decision was based on its own finding beyond a reasonable doubt that Meeks and Hogue were persons "connected in any capacity" with the Bank or, rather, upon its erroneous conclusion that it was bound by a finding to this effect contained in the *Meeks I* appellate opinion. The district court's oral findings are susceptible to either interpretation and therefore create grave doubt as to whether the defendants were convicted without the trier of the facts having found the existence of every essential element of the crime charged beyond a reasonable doubt. *See Haywood v. United States*, 393 F.2d 780, 782 (5th Cir. 1968).

We therefore remand this case to the district court to conduct proceedings as to this question and to make written findings of fact supportive of its ultimate conclusion. Should the district court find beyond a reasonable doubt that Meeks and Hogue were

9

persons connected in any capacity with the Bank at the time of the charged offenses, the convictions and sentences should be sustained. On the other hand, if the district court finds that proof of this essential element of the crime is not sufficient, the charges should be dismissed.

4.

The Government argues that the convictions and sentences should be affirmed because this court in *Meeks I* held as a matter of law that employees of an independent contractor that contracted to repair and maintain a bank's safe deposit boxes are persons "connected in any capacity" with the bank within the meaning of 18 U.S.C. § 656. In support of this argument, the Government quotes two passages from the *Meeks I* opinion:

> [T]he statute's plain language provides no basis for a narrow reading of its scope. The words "connected in any capacity", as normally used, comprise a broad modifying phrase. Absent binding contrary precedent, we cannot distort the usual meaning of the phrase to require a more specialized type of connection with the bank than that held by Meeks and Hogue.
> The capacity in which Meeks and Hogue were connected with the bank was as employees of an independent contractor that provided the bank with a necessary service, which required (and permitted) its employees to be in a restricted area of the bank. Irrespective of the outer limits of the statute's reach, we cannot say that these defendants fell beyond that reach when they serviced the safe deposit boxes from within the vault of the bank.

*Meeks I*, 69 F.3d at 744 (citation omitted).

The Government reads too much into these portions of the opinion. *Meeks I* made these statements in explaining why it rejected the interpretation of the statute that had been adopted by the district court, *viz.*, that "to be sufficiently 'connected in

10

any capacity with' a bank pursuant to § 656, the defendant must exercise some position of control over the bank's affairs, enjoy a relationship of trust with the bank, or be entrusted with bank funds or property."  Within this context, *Meeks I* rejected the district court's narrow interpretation of § 656 that read into the statute the extra essential element that the defendant must have occupied a position of trust or control with the Bank.  *Meeks I* also held that persons in Meeks' and Hogue's circumstances are not immune from prosecution under § 656 simply because they are employees of an independent contractor and not direct employees or contractors of the Bank.

*Meeks I* does not hold, however, that as a matter of law the employee of an independent contractor providing locksmith services for the bank's safety deposit boxes, regardless of the particular circumstances of each case, is a person "connected in any capacity with" the bank within the meaning of 18 U.S.C. § 656.  The plain words of the opinion do not purport to add extra words to the statute or to read into its coverage specialized types of connections.  On the contrary, the *Meeks I* court admonished that the words of the statute must be given their common, ordinary meaning; and that an appellate court's discussion of factors that impacted its decision that a particular defendant is amenable to prosecution under § 656 "does not mean that each of those factors becomes, from that day forward, a necessary attribute of a person whose conduct is reached by the statute."  *Id.* at 744-45.

Additionally, we decline to adopt the Government's reading of

11

*Meeks I* because it would be tantamount to having this court do what we and the Supreme Court have held that due process prohibits a trial court from doing, i.e., directing a verdict for the Government on, or otherwise withdrawing from the trier of the facts the function of finding beyond a reasonable doubt, an essential element of the crime charged. *See Winship,* 397 U.S. at 361, 363; *Gaudin,* 515 U.S. at 522-23; *Sullivan,* 508 U.S. at 277-78; *Johnson,* 718 F.2d at 1321. That the trier of facts in this case was a judge and not a jury "is of no constitutional significance." *See Jackson,* 443 U.S. at 317 n.8.

## CONCLUSION

Accordingly, the judgment of the district court is VACATED, and the case is REMANDED WITH INSTRUCTIONS.

ENDRECORD

12

DeMOSS, Circuit Judge, specially concurring:


I concur fully in the reasoning and disposition of the foregoing opinion. I write separately to identify another problem which the district court should address on remand.

At the time of the criminal conduct made the subject of this prosecution, the criminal statute in question expressly provided that what was embezzled or wilfully misapplied must be "the monies, funds or credits of such bank or any money, funds or credits intrusted to the custody or care of such bank." 18 U.S.C. § 656 (1988), (current version at 18 U.S.C.A. § 656 (West Supp. 1997)). There is absolutely nothing in the stipulation of facts filed by the parties in this case which would indicate that the Krugerrands in the safety deposit boxes leased by First RepublicBank Dallas, N.A. (the "Bank") to Mrs. Roberdo or her company, La Madrid Corp., N.V., were the property of any person or entity other than Mrs. Roberdo and her corporation. Consequently, absent some other direct proof, it would seem clear to me that the Krugerrands were not "the money, funds or credits ... of such bank." Likewise, there is nothing in the stipulation of facts which would indicate that the Krugerrands in the safety deposit box had been "intrusted to the custody or care of such bank." To the contrary, the safety deposit lease agreement appended as Exhibit A to the Stipulations expressly exempts the Bank from any liability "for the safekeeping of the contents of the safe or for any loss, damage, or expense

which results from or is caused by, in whole or in part, any of the following: ... (iii) loss, disappearance ... theft, burglary, embezzlement or other criminal act ...." Consequently, unless there is other documentary evidence establishing an agreement on the part of the Bank to be responsible for the Krugerrands in the safety deposit box, it would appear to me that the Krugerrands were never "intrusted to the custody or care of such bank." Therefore, I think there is a serious question as to whether the statutory requirements as to the Bank's ownership or care and custody of the Krugerrands have been established in this case; and the district court should undertake to resolve this question upon remand.