**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

MONIQUE A. LOZOYA,
*Defendant-Appellant.*

No. 17-50336

D.C. No.
2:16-cr-00598-AB-1

ORDER

Filed December 13, 2021

Before: Sidney R. Thomas, M. Margaret McKeown,
William A. Fletcher, Jay S. Bybee, Sandra S. Ikuta,
Jacqueline H. Nguyen, Paul J. Watford, John B. Owens,
Mark J. Bennett, Daniel P. Collins and Kenneth K. Lee,
Circuit Judges.

Order;
Dissent by Judge Collins

# SUMMARY[*]

## Criminal

The en banc court denied a joint motion to recall the mandate in a criminal case, which presented an issue concerning whether the magistrate judge imposed an improper burden of proof on the defendant.

The en banc court wrote that the motion, which was filed more than 300 days after the filing of the opinion, was untimely; that the record supports the district court's conclusion that the magistrate judge did not improperly shift the burden to the defendant, despite stray comments; and that any error was harmless beyond a reasonable doubt. The en banc court concluded that although it does not reach the merits of any of these issues, given all of these considerations, the untimely motion does not present the exceptional circumstances that would justify the recall of the mandate in order to protect the integrity of the court's processes.

Dissenting, Judge Collins wrote that this case meets the very high standard for recalling the mandate in light of the confluence of six unique factors: the en banc court committed a clear error by failing to realize, after rejecting the defendant's venue challenge, that the issue regarding the standard of proof was no longer moot and should have been remanded back to the three-judge panel; counsel's failure to call the omission to this court's attention in a timely petition for rehearing itself raises a substantial issue of ineffective

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

assistance of counsel; the overlooked standard-of-proof issue raises a substantial question on the merits; granting the motion to recall the mandate is the only possible way to consider or redress the substantial question of ineffective assistance that is apparent on the record; the motion is not untimely; and the fact that this is a joint motion eliminates any concerns that the moving party may be engaged in procedural gamesmanship or that important interests in finality are not being adequately respected.

## COUNSEL

Cuahtemoc Ortega, Federal Public Defender; James H. Locklin, Deputy Federal Public Defender; Office of the Federal Public Defender, Los Angeles, California; for Defendant-Appellant.

Tracy L. Wilkison, Acting United States Attorney; Bram M. Alden, Chief, Criminal Appeals Section; Karen E. Escalante, Assistant United States Attorney, Major Frauds Section; United States Attorney's Office, Los Angeles, California; for Plaintiff-Appellee.

**ORDER**

The joint motion to recall the mandate is denied. "We have the inherent power to recall our mandate in order to protect the integrity of our processes, but should only do so in exceptional circumstances." *Carrington v. United States*, 503 F.3d 888, 891 (9th Cir. 2007).

Federal Rule of Appellate Procedure 40(a) permits a party to file a petition for rehearing within fourteen days after the entry of judgment to bring to the court's attention any point of law or fact the party contends the court overlooked in deciding the case. Fed. R. App. P. 40(a). The power to recall the court's mandate "may not be used simply as a device for granting late rehearing." *Moran v. McDaniel*, 80 F.3d 1261, 1267 (9th Cir. 1996) (quoting *Johnson v. Bechtel Assocs.*, 801 F.2d 412, 416 (D.C. Cir. 1986)). The opinion of the en banc court was filed on December 3, 2020. The mandate issued on December 28, 2020. The motion to recall the mandate in order to file a new petition for rehearing was filed on October 7, 2021. Thus, the motion was filed over 300 days after the filing of the opinion, and is untimely.

The issue presented in the joint motion to recall the mandate concerns whether the magistrate judge imposed an improper burden of proof on the defendant. The district court concluded that—given the context of the entire record and, particularly, in light of the magistrate judge's findings—the magistrate judge had not improperly shifted the burden to the defendant, despite stray comments. *See United States v. Coutchavlis*, 260 F.3d 1149, 1156–57 (9th Cir. 2001) (stating a judge's comments on burden of proof must be viewed in the context of the entire case). The record supports the district court's conclusion.

Further, any error was likely harmless beyond a reasonable doubt because the magistrate judge specifically credited the testimony of the victim and found the testimony of the witnesses presented by the defense to be "inconsistent" and "implausible." Given the magistrate judge's findings, it is clear beyond a reasonable doubt that a court would have found the defendant guilty absent any error. *See United States v. Liu*, 731 F.3d 982, 992 (9th Cir. 2013) (describing standard); *United States v. Argueta-Rosales*, 819 F.3d 1149, 1156 (9th Cir. 2016) (applying standard to bench trials).

Therefore, although we do not reach the merits of any of these issues, given all of these considerations, the untimely motion does not present the "exceptional circumstances" that would justify the recall of the mandate in order to protect the integrity of our processes.

**IT IS SO ORDERED.**

COLLINS, Circuit Judge, dissenting:

"[T]he courts of appeals are recognized to have an inherent power to recall their mandates," but this extraordinary power should be "sparing[ly]" exercised only as a "last resort, to be held in reserve against grave, unforeseen contingencies." *Calderon v. Thompson*, 523 U.S. 538, 549–50 (1998); *see also Carrington v. United States*, 503 F.3d 888, 891 (9th Cir. 2007). Based on a confluence of six unique factors, I think that this case meets that very high standard, and I would therefore grant the parties' joint motion to recall the mandate. Because the majority concludes otherwise, I respectfully dissent.

# I

*First*, as the parties' joint motion notes, the en banc court committed a clear, if understandable, error in overlooking one of the grounds for reversal that Lozoya had raised on appeal.

In her opening brief before the three-judge panel, Lozoya argued that her conviction for assault on an in-flight airplane should be reversed for three reasons: (1) the Government violated the Speedy Trial Act; (2) the Government failed to establish venue in the Central District of California; and (3) the magistrate judge applied the wrong legal standard in evaluating the issue of whether Lozoya acted in self-defense. The three-judge panel unanimously rejected the Speedy Trial Act claim on the merits. *United States v. Lozoya*, 920 F.3d 1231, 1236–38 (9th Cir. 2019). By a divided vote, that panel then agreed with Lozoya's second contention that the Government had failed to establish that venue was proper. *See id*. at 1238–43; *id*. at 1243–45 (Owens, J., dissenting in part). Because the panel majority reversed the conviction on venue grounds, it concluded that it "need not determine whether the magistrate judge applied the wrong standard" in evaluating self-defense. *Id*. at 1243 n.8. After rehearing en banc was granted, the eleven of us on the en banc panel sensibly "exercise[d] our discretion to consider only th[e] issue" of venue, which was the only issue that warranted en banc reconsideration under the standards set forth in Federal Rule of Appellate Procedure 35. *See United States v. Lozoya*, 982 F.3d 648, 651 n.2 (9th Cir. 2020) (en banc). But we subsequently failed to realize that, after *rejecting* Lozoya's venue challenge, the additional issue that the three-judge panel had found unnecessary to decide—*viz*., whether the magistrate judge had applied the wrong standard of proof—was now no longer moot. We should have

remanded the case back to the three-judge panel to address this now-resurrected issue, and we committed a patent error in failing to do so.

## II

*Second*, although Lozoya's counsel should have called the omission to our attention in a timely petition for rehearing, that failure itself raises a substantial issue of ineffective assistance of counsel.

Once rehearing en banc was granted, the en banc proceedings involved Lozoya's direct appeal of her criminal conviction and therefore implicated her constitutional "right to effective assistance of counsel in direct appeals" in criminal cases. *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). I can think of no conceivable strategic reason for counsel's failure to secure a decision on one of the three grounds for reversal raised on appeal, and the oversight seems to me clearly to fall "below an objective standard of reasonableness." *Strickland v. Washington*, 474 U.S. 668, 688 (1984).[1]  Indeed, the joint motion here effectively acknowledges that counsel's failure to raise the matter in a petition for rehearing fell below the applicable standard of professional competence.  Moreover, if the overlooked issue has merit, then there would be a "reasonable probability that,

---

[1] Because this case involves our wholesale failure to decide a properly raised ground for reversal on appeal—a defect that this court would have been required to fix by granting rehearing—I do not think that this situation falls within the rule that there is no right to effective assistance of counsel for purely discretionary forms of review. *See Evitts v. Lucey*, 469 U.S. 387, 401–02 (1985).  Counsel has not discharged his or her obligation to provide effective assistance on direct appeal if counsel never even secures a decision on the properly raised grounds for that appeal.

but for counsel's unprofessional error[], the result of the proceeding would have been different." *Id*. at 694; *see also Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989) (prejudice question in the context of appellate ineffective assistance is whether "there is a reasonable probability that, but for counsel's unprofessional errors, [the defendant] would have prevailed on appeal").[2]

### III

*Third*, I think that the overlooked standard-of-proof issue raises a substantial question on the merits—and that fact independently supports our recalling the mandate and also solidifies the conclusion (discussed above) that there is a substantial question as to whether Lozoya was deprived of her constitutional right to effective assistance of counsel.

In addressing the issue of "whether the assault was committed in self-defense," the magistrate judge's guilty finding emphasized the inconsistencies both in "the defendant's testimony and her statements to the special agent and to the flight attendants" and in "the testimony of the defendant's witnesses," and the court concluded that this evidence "failed to establish beyond a reasonable doubt that the defendant was in a position where she felt threatened." On its face, the magistrate judge's resolution of the self-defense issue rests on a plainly incorrect statement of the

---

[2] The joint motion also argues that, because in this case counsel did not file *any* petition for rehearing from the en banc decision, "prejudice to the defendant should be presumed 'with no further showing from the defendant of the merits of his underlying claims.'" *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)). I find it unnecessary to rely on that contention, but this alternative point only further underscores the substantiality of the ineffective assistance claim presented here.

law.   A defendant who raises self-defense only needs to present sufficient evidence to establish a prima facie case, and if that is done (as it was here) then the Government must "disprove it beyond a reasonable doubt." *United States v. Keiser*, 57 F.3d 847, 851 n.4 (9th Cir. 1995).   The majority nonetheless concludes that the magistrate's statement was merely a "stray comment[]" that did not reflect a shifting of the burden of proof and that, even if it did, any error was harmless beyond a reasonable doubt. *See* Order at 4–5.   I disagree with the majority on both points.

In dismissing the magistrate judge's comment as a slip of the tongue, the majority wrongly analogizes this case to *United States v. Coutchavlis*, 260 F.3d 1149 (9th Cir. 2001). In that case, the magistrate judge's verbal juxtaposition of two thoughts (the absence of evidence contradicting the Government's witness's testimony and a finding in accordance with that testimony) could have been read as implying a burden on the defense to come forward with evidence.   *Id*. at 1156.   But the resulting ambiguous statement did not *have* to be read that way, and it was "more reasonable to interpret the magistrate judge's comment" as simply meaning that there was nothing in the record that caused the judge to have a reasonable doubt. *Id*. at 1156–57. Here, by contrast, there is *no* reasonable alternative way to read the magistrate judge's actual words that would be consistent with the law.   The majority also points to the magistrate judge's "findings," *see* Order at 4, but there is nothing in those findings to indicate that they were made under the proper standard of proof.   And the fact that the record elsewhere contained boilerplate statements of the Government's general burden of proof in criminal cases does not establish that the magistrate judge recognized that the Government bore the burden of proof beyond a reasonable doubt when she addressed the specific issue of self-defense.

I also disagree with the majority's suggestion that the error was harmless. We have held that, in reviewing a legal error regarding the elements of an offense in a bench trial, we "us[e] the same harmless error standard that would apply to an erroneous jury instruction." *United States v. Argueta-Rosales*, 819 F.3d 1149, 1156 (9th Cir. 2016) (citation omitted). The Government contends—and the majority agrees—that this means the correct standard is the one enunciated in *United States v. Liu*, 731 F.3d 982, 992 (9th Cir. 2013). *See* Order at 5. There, we said that an error in describing an element "is harmless only if it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *Id.* at 992 (citations and internal quotation marks omitted). We drew this standard from *Neder v. United States*, 527 U.S. 1, 18 (1999), which applied that harmless-error standard to an element that was omitted entirely from the jury instructions. *See Liu*, 731 F.3d at 992. I think that the majority's reliance on the *Neder-Liu* standard fails.

As an initial matter, it is doubtful that the *Neder-Liu* standard applies to the particular error at issue here, which involves neither a misdescribed element nor a missing one. Rather, the error here is that the magistrate judge misstated the underlying standard of proof applied to the factfinding process concerning self-defense. Even after *Neder*, that sort of error in jury trials remains governed by the rule of automatic reversal established in *Sullivan v. Louisiana*, 508 U.S. 275, 281–82 (1993). "[T]he essential connection to a 'beyond a reasonable doubt' factual finding cannot be made *where the instructional error consists of a misdescription of the burden of proof*, which vitiates *all* the jury's findings." *Id.* at 281 (first emphasis added). Under *Argueta-Rosales*, we must use this same standard in the bench-trial context, *see* 819 F.3d at 1156, and that requires

reversal here. At a minimum, a remand is required to direct the magistrate judge to make new findings of fact under the proper standard. *See United States v. Hogue*, 132 F.3d 1087, 1091 (5th Cir. 1998) (where record did not make clear that the district court in bench trial had made the requisite findings beyond a reasonable doubt, remand was required); *Clapper v. Clark Dev., Inc.*, 747 F. App'x 317, 323–24 (6th Cir. 2018) (district court erred in applying "clear and convincing evidence standard to levy a criminal contempt sanction," and resulting *Sullivan* error required vacatur).

But even if the *Neder-Liu* standard applies here, the majority's harmless error determination is still wrong. The question under *Neder* and *Liu* is not whether we are sure that *this* particular magistrate judge would have found the defendant guilty absent the error; rather, it is an objective inquiry as to whether the "district court" (*i.e.*, a rational factfinder) would have found the defendant guilty. Lozoya put on testimony at trial that, if credited, could have led a rational factfinder to determine that the government failed to disprove self-defense beyond a reasonable doubt. Because "the defendant contested the omitted element and raised evidence sufficient to support a contrary finding," a reviewing court "should not find the error harmless." *Neder*, 527 U.S. at 19; *Hogue*, 132 F.3d at 1092 (court of appeals cannot direct a verdict in a criminal case, even in an appeal from a bench trial).

## IV

*Fourth*, under the truly unusual circumstances of this case, granting the motion to recall the mandate is the *only* possible way to consider or redress the substantial question of ineffective assistance that is apparent on this record.

In almost any other criminal case, a motion to recall the mandate in this sort of situation would be summarily denied, because any such defect could be adequately addressed by a motion under 28 U.S.C. § 2255.  An inexcusable failure to file a petition for rehearing pointing out the court's obvious and wholesale oversight of a meritorious issue would be ineffective assistance of counsel and therefore grounds for relief under § 2255.  Although the district court that initially made the error that was the subject of the overlooked appellate challenge would presumably deny the § 2255 motion for lack of prejudice under *Strickland*'s second prong, the resulting appeal from that denial of the § 2255 motion would then place the merits of the overlooked issue squarely before the court of appeals.  But Lozoya has no such remedy available here, because her only penalty upon conviction was a fine.  That is, given the lack of any sentence involving custody, probation, or supervision, relief under § 2255 is not available.  *See United States v. Thiele*, 314 F.3d 399, 401–02 (9th Cir. 2002); *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999).  This is the truly exceptional case in which a motion to recall the mandate is the "last resort."  *Calderon*, 523 U.S. at 550.

## V

*Fifth*, contrary to what the majority asserts, the motion here is not untimely.  *See* Order at 4.

To be sure, the majority is correct that, because the motion was filed "over 300 days from the filing of the opinion," it would be "untimely" to the extent that it were deemed to be a petition for rehearing.  *See* Order at 4; FED. R. APP. P. 40(a).  But that is the wrong question.  Because the mandate generally does not issue until after the time to seek rehearing has expired, *see* FED. R. APP. P. 41(b), a motion to recall the mandate will of necessity *always* be

"untimely" if considered through the lens of the deadline for a petition for rehearing. The focus instead should be on whether, considered *as a motion to recall the mandate*, the motion is too late. Viewing the motion in light of the factors I have set forth, I think it is clear that the motion is not untimely. Lozoya's counsel acknowledges that the error was discovered while a petition for certiorari was being prepared, and the motion to recall the mandate was filed within three days of the Supreme Court's denial of certiorari. *See Lozoya v. United States*, 142 S. Ct. ___, 2021 WL 4507929 (2021). Given that the motion was filed within three days of the decision in this appeal becoming final, its filing was not unduly delayed.

For similar reasons, I disagree with the majority's suggestion that the joint motion to recall the mandate here is being used "'simply as a device for granting late rehearing.'" *See* Order at 4 (quoting *Moran v. McDaniel*, 80 F.3d 1261, 1267 (9th Cir. 1996)). Indeed, *Moran* bears no resemblance to this case and only underscores the majority's error.

In our initial decision in *Moran*, we had granted relief to Moran on one of the five issues he raised, but our decision was then reversed by the Supreme Court. *See Moran v. Godinez*, 972 F.2d 263 (9th Cir. 1992), *rev'd*, 509 U.S. 389 (1993). On remand from the Supreme Court, we issued an order directing the parties "to address the remaining issues in light of the Supreme Court's decision in this case." *See* Order, *Moran v. Godinez*, No. 91-15609 (9th Cir. Aug. 18, 1993), ECF No. 47. "In Moran's subsequent briefing, he asserted only two arguments," and omitted any discussion of the other three issues that had previously been raised. *Moran*, 80 F.3d at 1265. This court's later decision denying relief therefore understandably did not address those additional three issues. *See Moran v. Godinez*, 57 F.3d 690

(9th Cir. 1994). Although Moran filed a petition for rehearing challenging that decision, he did not raise those three abandoned issues in that petition. *Moran*, 80 F.3d at 1265–66. Eight months after our mandate issued, Moran sought to recall the mandate, arguing that the court should address those three issues. *Id*. at 1266. We concluded that Moran's belated claim of "oversight" was "not good cause to excuse his failure to include in his earlier-filed petition for rehearing the contentions he now makes in his motion to recall the mandate." *Id*. at 1267.

In reaching this conclusion, we rejected Moran's reliance on *Patterson v. Crabb*, 904 F.2d 1179 (7th Cir 1990), in which the Seventh Circuit recalled its mandate when, "through judicial error," the appellant "never obtained a hearing of his appeal"; the appellant's failure to raise the error in a petition for rehearing was excusable given that he was then "pursuing an alternative administrative remedy"; and "the appellee [did] not contend that he [would] be harmed by the reopening of the matter." *Id*. at 1180. We noted that none of these same features were present in *Moran*. 80 F.3d at 1267. The opposite, of course, is true here. Unlike in *Moran*—in which the omission originated from the petitioner's dropping of the issues from his remand briefing—here, as in *Patterson*, the error originated with the court of appeals. *See Patterson*, 904 F.2d at 1179–80 (noting that the court of appeals was "mainly" at fault because it had "overlooked" that the district court had entered a final judgment, and it thus erroneously dismissed the appeal). Unlike in *Moran*—in which the petitioner filed a petition for rehearing that again omitted the issue—here, as in *Patterson*, no petition for rehearing was filed because counsel (wrongly) proceeded directly with pursuing another remedy (here, certiorari). *See id*. And here, as in *Patterson*, and unlike in *Moran*, the appellee has not asserted that any

prejudice would arise from recalling the mandate. *Id*. at 1180.

On top of these points, *Moran* is distinguishable on several additional grounds as well: (1) the record in *Moran* suggests an affirmative abandonment of the three issues on remand from the Supreme Court; (2) *Moran*, a habeas corpus proceeding, did not involve a direct appeal, with its concomitant effective-assistance-of-counsel guarantee; and (3) in *Moran*, the motion to recall was filed more than four months after the Supreme Court denied certiorari from the decision in question. *Moran* provides no support for denying recall of the mandate here.

## VI

*Sixth*, and finally, we are presented here with a *joint* motion to recall the mandate, filed by both Lozoya and the Government. That important fact eliminates any concerns— often present in motions to recall the mandate—that the moving party may be engaged in procedural gamesmanship or that important interests in finality are not being adequately respected. If the Government itself affirmatively supports disregarding the otherwise applicable "profound interests in repose," *Calderon*, 523 U.S. at 550 (citation omitted), I do not see why we would insist on giving them primacy here.

\*     \*     \*

For these reasons, I think that the joint motion should be granted, the mandate recalled, and the case returned to the three-judge panel. I respectfully dissent.